Clark, Adm'r, *v.* Crosby.

CHARLES CLARK, *Administrator of* L. F. PIERCE, *v.* C. O. CROSBY.[*]

*Contract. Jurisdiction. Good Faith. Supreme Court.*

Upon consideration that the plaintiff, a dentist, would keep himself supplied with mineral teeth by purchases of the defendant, the latter agreed not to sell such teeth to any other person in the place where the plaintiff resided. *Held*, that the contract being only in partial restraint of trade, was not illegal.

Where the damages are open, or depend upon an estimate or appraisal, or the valuation of property, a motion to dismiss the suit for want of jurisdiction is addressed to, and rests in, the discretion of the county court, and the decision of that court upon that question cannot be reviewed in the supreme court.

ACTION ON THE CASE. Plea, the general issue. Trial by the court, September Term, 1863, PECK, J., presiding. The facts are fully set forth in the opinion of the court.

Judgment for the plaintiff. Exceptions by the defendant.

*C. W. Willard,* and *T. P. Redfield,* for the defendant, cited upon the point that the county court had no jurisdiction, *Hefflin* v. *Bell*, 30 Vt. 134; *Henry* v. *Tilson*, 17 Vt. 479; *Kittridge* v. *Rollins et al.*, 12 Vt. 541.

*Wing & Lund,* for the plaintiff, cited upon the question of jurisdiction, in addition to cases cited in the opinion of the court, *Ladd* v. *Hill*, 4 Vt. 164; *Stanley* v. *Barker*, 25 Vt. 507; *Willard* v. *Collamer*, 34 Vt. 594; and upon the point that the contract was not illegal on the ground of being in restraint of trade, Chitty on Con. 576-7-8; *Palmer* v. *Stebbins*, 3 Pick. 188; *Chappell* v. *Brockway*, 21 Wend.

[*] At the August Term, Supreme Court, 1864, the death of the plaintiff Pierce was suggested, and Charles Clark entered to prosecute as his administrator.

Clark, Adm'r, *v.* Crosby.

158; Addison on Con. 100; 1 Smith's Lead. Cas. marginal page (172) 430; *Blanchard* v. *Weeks,* 34 Vt. 589.

KELLOGG, J.   The contract of the defendant upon which the plaintiff relies in this case is not subject to exception on the ground that it was illegal as being in restraint of trade.   The restraint contemplated by it was only a partial and not a general restraint.   A contract for a limited and partial restraint of trade has always been held valid, if reasonable, and made on a good consideration.   Chitty on Contracts, 10 Amèr. Edit. 736, *et seq.*   The reasonableness of this contract, the fairness of its terms, and the sufficiency of the consideration for it, have not been questioned in argument.

The defendant claims that the suit should have been dismissed by the county court for the reason that it was not within the original jurisdiction of that court.   It appears that the plaintiff purchased of the defendant's agent in September, 1856, and at different times thereafter, mineral teeth to the amount, in the whole, of $292.15, upon an agreement, made in consideration of the purchase, that the defendant should not sell such teeth to any person in Montpelier, where the plaintiff had his residence and place of business, so long as the plaintiff should keep himself supplied therewith by purchases of the defendant.   The plaintiff fulfilled his part of the contract, but the defendant, in violation of it, sold on the 21st of April, 1859, to one Smith, a druggist at Montpelier, a quantity of such teeth, from which Smith subsequently and before the commencement of this suit, sold about twenty dollars' worth, the profits realized from which were less than ten dollars.   The court found that the sales by Smith, and his offering the teeth in the same vicinity with the plaintiff at low prices, had the effect not only to lessen the amount of the plaintiff's sales, but so to reduce the price of the teeth in this market as to damage the plaintiff beyond the amount of profit which otherwise might have been made on the amount of Smith's sales; and the plaintiff claimed that it had the effect to render the stock of teeth which he had on hand unsaleable at any profit, and to render it almost valueless to him by ruining the reputation of the teeth in this market; and the court found that to some extent it had this effect. This finding conclusively establishes the fact that the plaintiff's dam-

Clark, Adm'r, v. Crosby.

ages for the breach of the defendant's agreement exceeded the amount of the profits on Smith's sales. It has long been settled that where the plaintiff, at the time of bringing his suit, expects to recover a sum exceeding the amount limited for the jurisdiction of a justice, but misjudges in that respect, so that his recovery is in fact for a sum less than that amount, the county court is not thereby ousted of jurisdiction. *Henry* v. *Tilson,* 17 Vt. 479 ; *Brainard* v. *Austin, ib.* 650 ; *Sanborn & Catlin* v. *Chittenden,* 27 Vt. 174. The county court, in refusing to dismiss the action, must have found that the plaintiff, when he commenced it, had a reasonable expectation of recovering more than one hundred dollars, and commenced it in that court in good faith. Where these conditions exist, the jurisdiction has always been sustained, even though it subsequently appears that the plaintiff has so greatly over-rated his damages that the amount of his recovery is less than the limit of the jurisdiction of a justice. Where the damages are open, or depend upon an estimate or appraisal, or the valuation of property, a motion to dismiss the suit for want of jurisdiction is addressed to, and, from the nature of the subject, must rest in, the discretion of the county court; and the decision of that court upon that question cannot be reviewed in this court. The case of *McGray* v. *Wheeler,* 18 Vt. 502, is a decisive authority on this point, and the application of this principle to this case effectually disposes of the defendant's exception in respect to the jurisdiction of the county court over this suit. Even if we were disposed to review the decision of that court on that point, the facts as found are not sufficient, as we think, to raise any question in respect to the good faith of the plaintiff in commencing his suit in that jurisdiction.

Judgment of the county court in favor of the plaintiff affirmed.