## N. Y. COMMON PLEAS.

### EMANUEL LAUFERTY agt. THOMAS WHEELER *et al.*

*Trade-mark — Law of — The use of the words "Alderney Manufacturing Company," not a violation of the statute of* 1833 *forbidding the use of the words & Co., unless representing an actual partner.*

Where the plaintiff had used the words "Alderney Manufacturing Company," as a trade-mark in relation to the oleomargarine manufactured by him, and had originated and first adopted the word "Alderney" in that connection, and it formed an integral part of the label stamped upon all the goods manufactured by him, and defendants, by being incorporated under a like name, claim the right to deprive him of the exclusive use of that word in the new connection in which he had placed it:

*Held,* That an injunction lies restraining defendant from the use in any way of the word "Alderney" in connection with the manufacture and sale of oleomargarine.

The use of the words "Alderney Manufacturing Company" is not a violation of the statute of 1833, forbidding the use of the words "& Co., or and company," unless representing an actual partner.

*Special Term, October,* 1882.

*Coudert Bros.,* for plaintiff.

*William H. De Wolf* and *Theodore Fitch,* for defendant.

VAN BRUNT, J. — The defendants in this action claim the injunction should be dissolved upon the following grounds: 1st. That the words Alderney Manufacturing Company never was the trade-mark of the plaintiff. 2d. That his use of these words was a violation of the statute and an attempt to mislead the public. 3d. That the plaintiff is carrying on his business in violation of the laws of this state in respect to the coloring of the oleomargarine manufactured by him. 4th. That he is violating the United States statute in having the word "patent, Sept." upon the goods sold by him, when he has no patent. 5th. That the plaintiff could not acquire a trade-mark in the words "Alderney Manufacturing Company."

We will very briefly consider these propositions in their inverse order.

It is to be observed that the plaintiff in this action does not claim any right to the exclusive use of the words "Manufacturing Co." as any part of his trade-mark, but limits his claim to the exclusive use of the word Alderney in connection with oleomargarine. The papers in this case seem to show that the plaintiff has used this word in connection with the oleomargarine manufactured by him; that he originated; that he first adopted it, and that it forms an integral part of the label stamped on all the goods manufactured by him, different grades being marked by additional symbols. In respect to oleomargarine, the use of the word "Alderney" is entirely arbitrary and in no respect descriptive of the article, and the case of *Hier* agt. *Abrahams* (82 *N. Y.*, 519) sustains as a trade-mark the application of such arbitrary word, even if used in connection with others. The plaintiff does not make a trade-mark of his name, but he has adopted a word as a part of his trade-mark and the defendants, by being incorporated under a like name, claim the right to deprive him of the exclusive use of that word in the new connection in which he had placed it.

The fourth ground is that the plaintiff is violating the United States statute in having the words "patent, Sept." upon the goods sold by him. It is to be observed that it is not claimed that the use of the word "patent" has been resorted to by the plaintiff until very recently. It appears that application had been made on the 9th of June, 1882, for a patent for an improvement in process of manufacturing of oleomargarine butter, by Henry Lauferty, and that on the thirty-first of August notice was received from the United States Patent Office that the application had been examined and allowed, and under this process the plaintiff has been manufacturing. It further appears that Mr. Lauferty was informed that his letters patent would be forwarded to him in September — this motion being heard in that month, and

there is no evidence that prior to that time the word "patent" was used. Although perhaps not strictly entitled to use the word until the actual receipt of the letters patent, the case differs from that of the *Consolidated. Fruit Jar Company* agt. *Berrell*, in that in the latter case there was not the slightest pretense that there was any patent applied for or about to be issued.

The third objection does not seem to be well taken. I cannot see but that the application for a patent being allowed, and the right of a patent complete, the mere formality of delivering a patent only remaining to be performed, brings the manufacturer certainly within the spirit of the exception contained in the laws of 1882.

The second ground for a dissolution of the injunction is that the use of the words Alderney Manufacturing Company is a violation of the statute. I have read the statute in vain to find any prohibition therein contained which is applicable to the case at bar. The statute of 1833 merely prohibits the use of the name of a partner not interested in the business, and the use of the words "and company" or "& Co." unless representing an actual partner. The plaintiff in this action does not use the name of a partner not interested in the business, neither does he use the words "and company" or "& Co." in any form. Therefore there does not seem to be any violation whatever of any statute. The case of *Crawford* agt. *Collins* (45 *Barb.*, 270) expressly holds that the giving to a firm the name of a company is no violation of law, and that the parties to a copartnership may give it just such names as they please (except, of course, as prohibited by statute). The case of *McNair et al.* agt. *Cleare et al.* (1 *Phil.*, 155) differs materially from the case at bar. In the case of the *Galaxy Publishing Co.*, upon the billhead, envelopes, letter-heads, &c., appeared the name of a president and secretary, the court holding that this was an attempt to hold out to the world that the firm was a corporation, and that this was a fraud. But even if the case was entirely in

point, I should follow the law as laid down by our own courts. I cannot see possibly how any fraud can be perpetrated upon the public by parties engaged in business assuming as a firm name words which might be equally applicable to a corporation. The creditors of a firm cannot suffer if instead of dealing with a corporation they are dealing with a firm, because if they were dealing with a corporation they can reach only the property of the corporation, but if they are dealing with a firm they can reach not only the property of a firm but also the individual property of its members.

The first objection seems to have been already discussed. I think that it clearly appeared that the plaintiff has used the word "Alderney," together with others, in connection with his business for a considerable period of time prior to the organization of the defendant.

Perhaps the undertaking upon the injunction should be increased in amount.

An injunction will be issued restraining the defendants from the use in any way of the word "Alderney" in connection with the manufacture and sale of oleomargarine, upon the plaintiffs giving an undertaking in $2,500.