## JAMES D. KIMBALL vs. DAVID E. BANGS.

Suffolk. Jan. 14. — March 25, 1887. HOLMES & GARDNER, JJ., absent.

A declaration alleged that the defendant represented to the plaintiff that he was the treasurer and agent of a certain company, that said company owned an invention or apparatus used as an attachment to stoves, whereby petroleum or its products were used for fuel in stoves, that said apparatus or invention was of great value, that experiments had been made therewith, which had proved successful, that in the use of said apparatus there was no dirt, smell, or smoke, or filling the pipes, that it burned one year without the necessity of repairing or renewing the same, and that the cost of using said apparatus for heating purposes was not more than from one half to two thirds as much as that of wood or coal; that all of said representations were false and fraudulent, and known to be such by the defendant when made; that the defendant resorted to various methods of concealing the falsity of said representations from the plaintiff; that said representations were made and the falsity thereof concealed to induce the plaintiff to purchase of said company the exclusive right to sell said apparatus in certain towns in this Commonwealth; that, believing said representations to be true, the plaintiff was induced to, and did, purchase of said company the exclusive right to sell said apparatus, and paid said company a certain sum therefor; that the plaintiff, believing said representations to be true, bought of said company said apparatus in large numbers, and paid said company large sums of money therefor; that he sold said apparatus and put them into stoves, and spent a large amount of time and labor in trying to make them work, but they would not work, and proved to be wholly worthless and valueless, and he was obliged to take them back and repay the money received therefor; and that he returned said apparatus, and demanded the money he had paid for the same, but. the defendant and said company refused to repay him. *Held*, on demurrer, that the declaration did not state a legal cause of action.

TORT, in two counts. The first count was as follows:

" And the plaintiff says, that, on or about April 1, 1884, the defendant represented to the plaintiff, that he was the treasurer and agent of the National Heat and Light Company; that said company owned an invention or apparatus, used as an attachment to stoves, whereby petroleum or its products were used for fuel in stoves; that said apparatus or invention was of great value; that experiments had been made therewith, which had proved successful; that in the use of said apparatus there was no dirt, smell, or smoke, or filling the pipes, as with an oil burner; that it burned a long time, to wit, one year, without the necessity of repairing or renewing the same; that to use said apparatus for heating purposes would not cost more than

from one half to two thirds as much as wood or coal ; that four quarts and one half of oil would run a baking fire for nine hours. That all of said representations were false and fraudulent, and known to be false and fraudulent by the defendant when so made ; that the defendant resorted to various methods of concealing the falsity thereof from the plaintiff; that said false representations were made, and the falsity thereof concealed, as aforesaid, to induce the plaintiff to purchase of said company the exclusive right to sell said apparatus in the towns of Woburn, Stoneham, and Winchester, in the county of Middlesex, in said Commonwealth, and pay therefor a large sum. That believing said representations to be true, by reason of said fraudulent acts of defendant and otherwise, the plaintiff was induced, by reason of said belief and deceptions, to purchase, and did purchase, of said company said exclusive right to sell said apparatus, and paid said company therefor the sum of two hundred and fifty-three dollars and thirty-four cents. That said apparatus and invention was of no value, and the said exclusive right was valueless, to the great damage of the plaintiff. And the plaintiff says that he bought, by reason of said false and fraudulent representations, believing them to be true, the said apparatus or attachment in large numbers, of said company, and paid said company large sums of money therefor, and sold them and put them into stoves, and spent a large amount of time and labor in doing so, and a large sum of money and much labor in trying to make them work ; but they would not work, and he had to take them out and back, and repay the money he received for them ; and they proved wholly worthless and valueless. And the plaintiff says he has returned said attachments, and demanded the money he paid for the same and the damage he suffered by reason thereof, and the defendant and said company refused to pay him in any manner ; that he was put to large expense in trying to make said attachment operate, and put a sheet-iron funnel in his chimney and a centrifugal ventilator to regulate the draft, in order to make it work well, and it would not work ; and it proved worthless."

The second count was as follows :

" And the plaintiff further says, that, on or about the first day of April, 1884, the defendant sold to the plaintiff a certain

license to sell exclusively in the towns of Woburn, Stoneham, and Winchester, in the county of Middlesex, a certain invention or apparatus to be used as an attachment to stoves, whereby petroleum or its products were substituted as fuel for other substances ; that the defendant, to induce the plaintiff to purchase the said license, represented to him that the said invention was of great value, that various experiments had been made with the apparatus, and that it had proved successful, and did all he claimed for the same ; that in the use of said apparatus no dust, smoke, nor smell, nor filling the pipes, as with an oil burner, would occur ; that it burned a long time, to wit, one year, without the necessity of repairing or renewing the same ; that to use said apparatus for heating purposes would not cost more than from one half to two thirds as much as wood or coal ; that four quarts and one half of oil would run a baking fire for nine hours ; that the defendant resorted to various devices to conceal from the plaintiff the falsity of said representations ; that the said representations were all false and fraudulent, and known by the defendant to be false and fraudulent when he made them ; that relying upon said representations, and believing them to be true, the plaintiff was induced to purchase, and did purchase, as aforesaid, from said defendant the said license, believing said exclusive right to sell said apparatus to be of great value ; that he paid therefor a large sum of money, to wit, $253.34 ; that the said false and fraudulent representations were made by the defendant with the intention that the same should be acted upon, and that the plaintiff should be induced thereby to pay said sum ; that said apparatus was of no value whatever, and said license was wholly worthless to the plaintiff. And the plaintiff says he bought, being induced to do so by said false and fraudulent representations, the said apparatus or attachment, in large numbers, of the defendant, and paid large sums of money therefor, and sold them and put them into stoves, and spent a large amount of time and labor in doing so and a large sum of money, and much labor in trying to make them work, but they would not work, and he had to take them out and back and repay the money he received for them, and they proved to be wholly worthless and valueless ; and the plaintiff says he has returned said attachments to the defendant, and demanded the

money he paid for the same, and the damage he suffered by reason thereof; and the defendant refused to pay him in any manner; that he was put to great expense by reason of said false and fraudulent representations in trying to make said attachment work, and he put a sheet-iron funnel into his chimney and a centrifugal ventilator to regulate the draft, and make it work well, and it proved wholly worthless."

The defendant demurred to the declaration, on the ground that each count thereof failed to state a legal cause of action, in accordance with the rules prescribed by the Pub. Sts. c. 167.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*W. M. Stockbridge*, for the defendant.

*B. C. Moulton*, for the plaintiff.

MORTON, C. J. We are of opinion that all the representations alleged in the declaration, which are material, fall within what is known as " dealer's talk," and are not sufficient foundation for an action of deceit. The law recognizes the fact that men will naturally overstate the value and qualities of the articles which they have to sell. All men know this, and a buyer has no right to rely upon such statements.

The representations that the apparatus or invention was of great value, that in its use there was no dirt, smell, or smoke, that it burned a long time and could be run for a small expense, are all in their nature statements of opinion as to the value and utility of the invention.

The representation that " experiments had been made therewith which had proved successful " is really of the same character, though put in the form of a statement of a past fact. The only material part of the statement is that the apparatus upon experiment worked well, which is in its nature mere opinion, and not a statement of any definite fact.

All these are representations as to the operation and utility of an invention. Such representations must in most cases be matter of opinion, expectation, and probability, upon which a purchaser cannot safely rely, and they will not sustain an action of tort, unless he has been fraudulently induced to omit an examination for himself, which is not sufficiently averred in this declaration. *Parker* v. *Moulton*, 114 Mass. 99.

The representations that the defendant was treasurer of the National Heat and Light Company, and that said company owned the apparatus, are statements of fact, but they are not material. The declaration alleges that the plaintiff purchased the exclusive right to sell the apparatus of the National Heat and Light Company, thereby implying that they were the owners. The gist of his complaint is, not that he did not procure a valid transfer of the right, but that it was of no value. The statements we are considering have no bearing upon this matter, and, whether true or false, are immaterial upon any issue in the case.

We have thus far considered the first count of the declaration. The same objections apply to the second count, and we are of opinion that the demurrer was well taken to both of them.

*Judgment for the defendant affirmed.*