### ROSENHEIM *v.* ROSENFIELD.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. PARTNERSHIP—DISSOLUTION—USE OF FIRM NAME.
    A partnership carried on by "M. R." and "A. S. R." was dissolved under an agreement which, *inter alia*, transferred to the former the absolute and exclusive privilege of doing business under the firm name of "The R. & R. Chemical Works." *Held*, that the fact that the firm name in its two initial letters was identical with the initial letters of the surnames of the two partners did not render the agreement a violation of Pen. Code N. Y. § 363, forbidding any person from using in his business the name as partner of one not interested with him as partner, or using the designation "and company" or "& Co.," when no actual partner or partners are represented thereby, where the firm name was made to follow the name of "M. R." as "sole proprietor."

2. SAME—CONSIDERATION.
    The agreement containing mutual covenants, the objection that the transfer of the exclusive right to use the firm name was without consideration could not be sustained.

3. SAME—PROTECTION IN USE.
    The right of M. R. to be protected in the unmolested use of the firm name was not affected by the fact that he was not personally engaged in the manufacture of the articles in which he dealt.

4. SAME.
    Nor by the fact that he had invaded territory secured by the agreement for the exclusive custom of his former partner.

Appeal from special term, New York county.

Action by Max Rosenheim against Alfred S. Rosenfield. Defendant appeals from an order of injunction restraining his use of the name of "The R. R. Chemical Works."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Meyer Auerbach*, for appellant. *Leonard Bronner*, for respondent.

DANIELS, J. The parties were engaged as copartners, prior to the 29th day of December, 1889, carrying on the essential oil and chemical and extract business, in the city of New York. The firm name was that of Rosenheim & Rosenfield, and they used and employed in their business the name of "The R. & R. Chemical Works." This firm was dissolved on the day just stated, and an agreement was made by which the plaintiff took the entire stock of goods and merchandise and accounts of the firm then on hand, with power to collect and receive the debts due to the firm. A further agreement was made between these parties on the 29th of the same month for the dissolution of the firm and the regulation of their conduct in future business, carried on by each of them; and it was thereby agreed that the defendant sold and conveyed "to the said Rosenheim all his interest of every kind and nature in and to the said firm, good-will of said firm, all and every trade-mark in any way owned or acquired by the said firm of Rosenheim & Rosenfield, hereby intending to sell and convey all my interest, both at law and in equity, which I heretofore had, and now have, in the said firm of Rosenheim & Rosenfield, including, as aforesaid, all trade-marks and good-will of the said firm." And the agreement contained the further stipulations or covenants that "it

is further understood and agreed that the said Max Rosenheim may have the absolute and unrestricted permission and right to use the said firm name of Rosenheim & Rosenfield, and is to have all the benefits and privileges flowing therefrom; that is to say, the said Max Rosenheim is to have the absolute and exclusive privilege of transacting and of doing business under the name of 'The R. & R. Chemical Works,' and is to have the exclusive right and privilege of using all the trade-marks of the said chemical works, or any and all trade-marks owned and belonging to the said firm, this day dissolved, and hereinbefore absolutely transferred to the said Rosenheim. It is further understood and agreed that the said Alfred S. Rosenfield shall at no time have any authority in any way or manner to make any contracts under the name of 'The R. & R. Chemical Works;' it being expressly understood that the said Rosenfield has no power or authority to issue, or make, or accept any notes, checks, or bills of exchange, or make any other contract, or writing, or paper, under the said name of Rosenheim & Rosenfield; it being expressly understood by the said Rosenfield that there is no relationship of principal and agent or of copartners between the said Rosenheim and the said Rosenfield." And after these agreements were made the defendant commenced and continued business for himself, in the same products or articles, under, and used therein, the name of the R. R. Chemical Works; and by the injunction order he has been restrained from using that name or phrase during the pendency of the action. The agreement by which the right to employ it in his business was transferred by the defendant to the plaintiff has been assailed as without consideration; but, as it contains mutual covenants or stipulations throughout, it is quite evident that the agreements of each of the parties formed the consideration of those entered into by the other, and that this objection cannot be sustained.

The further objection has also been taken that so much of the agreement as by its terms transfers to the plaintiff the exclusive right to employ this phrase in his future business was made in violation of section 363 of the Penal Code, forbidding any person from using in his business "the name as partner of one not interested with him as partner, or using the designation 'and company,' or '& Co.,' when no actual partner or partners are represented thereby," and declaring the act to be a misdemeanor; but this objection has no foundation in the facts of the case, for the phrase, "The R. & R. Chemical Works," although identical in its two initial letters with the initial letters of the surnames of the parties, do not, as they have been used, and as it was intended by the agreement with the plaintiff they might be used, indicate that the business carried on by him is that of a partnership with any other person. In their use, with exceptions stated to have been inadvertent and unintentional, they have been made to follow the name of the plaintiff as "sole proprietor," of the R. & R. Chemical Works, which on its face carries the information that the use is not by a firm, but by an individual only; and no person, from a circular or advertisement in that form, could by any possibility be misled or induced to believe that the plaintiff was engaged in business with another person as a member of any business firm. The words, on the contrary, "sole proprietor," clearly expressed the fact to be that the business was solely that of himself, and that the statute was in no respect violated. It is highly penal in its provisions, and cannot be extended, by the construction of its words, to include this case, which is not within them, or within any fair significance which can be assigned to them. *Gay* v. *Seibold*, 97 N. Y. 472; *Lauferty* v. *Wheeler*, 63 How. Pr. 488. The plaintiff was not personally engaged in the manufacture of the articles in which he dealt under these terms, neither was the firm itself, while it existed; but they were manufactured by and obtained from Maas & Waldstein, who were the manufacturers. They appear to have been well-known articles in the trade, and were dealt in by the firm, and the plaintiff as its successor, as such; and in those

dealings the plaintiff is, under the agreement made with the defendant, entitled to be protected against his violations of its provisions. The case in this respect is not dissimilar to that of *Godillot* v. *Harris,* 81 N. Y. 263, where it was held that the plaintiff, who was not the manufacturer himself, was entitled to be protected in his business as a dealer in a manufactured article, against the simulated competition of the defendant in the same trade; and the fact that the plaintiff has stated himself in his circulars or business cards to be "distillers," "importers," and "manufacturers" will not necessarily result in a forfeiture of that right as long as it was no part of the agreement in controversy that those representations might or should not be made by him. What it was agreed he should be at liberty to exclusively use was the phrase, "The R. R. Chemical Works," and it is no more than his right to that use that is now brought into controversy by their similar use also by the defendant. These additional words had also been in like manner employed in the business of the firm, and could not result in any public deception, as the fact was that the plaintiff stated himself to be the sole proprietor of the business. That had the effect of changing, and, in fact, applying the tenor of the words to himself alone, although they were left in the plural form, of which in strictness they should be divested. But the failure so to employ them gave the defendant no authority to use the phrase in his business, the exclusive right to which he had, to the extent of his interest in it, transferred to the plaintiff. It was a distinguishing designation of the business to which the plaintiff succeeded, and he became entitled to its unmolested use for the identification of that business, (*Kidd* v. *Johnson,* 100 U. S. 617; *Manhattan Co.* v. *Wood,* 108 U. S. 218, 2 Sup. Ct. Rep. 436; *Symonds* v. *Jones,* 82 Me. 302, 19 Atl. Rep. 820;) and the cases of *Hazard* v. *Caswell,* 93 N. Y. 259, and *Caswell* v. *Hazard,* 121 N. Y. 484, 24 N. E. Rep. 707, are in no respect subversive of that right. The invasion by the plaintiff of the territory secured by the agreement to the defendant for his exclusive custom will not entitle him to use this phrase in the business carried on by him, for the exclusive right of the plaintiff to it has not been made in any respect to depend upon his observance of this other part of the agreement. But the exclusive right to the phrase has been positively and in the most direct terms transferred to the plaintiff; and the fact that he himself may have become involved in other wrongs will not forfeit the right in this manner obtained. The remedy of the defendant is that of an action in his own behalf for his own vindication, not an attempt to resume what he has irrevocably and finally parted with. The use, stated to have been inadvertent, of the partnership name in his own business by the plaintiff is controlled by the same principle. He had no right of authority to use that name outside of its own unfinished affairs; but that use of it vested the defendant with no power or authority to resume the use of this business phrase after it had been so effectually transferred to the plaintiff. There is no good cause presented for vacating this injunction, and the order should be affirmed, with $10 costs and the disbursements on the appeal. All concur.