## Steinfeld v. Taylor.

1. Parties Litigant—*To Sue in Their Right Names.*—By whatever name a person may contract, he may, notwithstanding, sue and be sued by his right name.

2. Promissory Notes—*Control of Indorsements.*—The payee of a promissory note, having the same in his possession, is presumed to be the owner of it and has the control over it.   He may strike out indorsements upon it.

3. Objections to Record—*On Rehearing.*—Objections to the record can not be made for the first time upon a petition for rehearing.

Memorandum,—Assumpsit on promissory note.   Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.   Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894,

The statement of facts is contained in the opinion of the court.

Weigley, Bulkley & Gray, attorneys for appellant.

J. V. A. Weaver, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant brought suit in his own name for a note reading as follows:

"$690.                           Chicago, Nov. 15, 1892.

Four months after date I promise to pay to the order of Wm. M. Taylor Mantel & Grate Co. six hundred and ninety dollars, payable at the Metropolitan National Bank, value received, with interest at 6 per cent per annum.

Louis E. Steinfeld,"

Indorsement upon said note: "Pay to the order of the American Exchange National Bank, Chicago.

Wm. M. Taylor Mantel & Grate Co.

Wm. M. Taylor, Prop."

Amasa Jones testified that there was due for principal and interest on said note $714.15.

The Court: Q. What relationship does William M. Taylor bear to the William M. Taylor Mantel & Grate Co., and is he interested in the business?

Witness, Amasa Jones: A. William M. Taylor is doing business under the name of William M. Taylor Mantel & Grate Co., and is the sole proprietor of said business.

There was judgment for Wm. M. Taylor from which appellant appeals.

By whatever name one may contract, he may sue and be sued by his right name.

The testimony of Amasa Jones showed to whom the note really ran. The indorsement to the American National Bank was one which the plaintiff, having the note in his possession, was at liberty to strike out; the note being payable to him and in his possession, is presumed to belong to him and he has control over it. Brinkley v. Going, Breese, 366; Porter v. Cushman, 19 Ill. 574; Best v. Nokomis Nat. Bank, 76 Ill. 610; Curtis v. Martin, 20 Ill. 557; Daniel on Neg. Instruments, Vol. 456, 638, 662.

The judgment of the Circuit Court is affirmed.


MR. JUSTICE GARY ON PETITION FOR REHEARING.

October 18, 1893, the appellant filed his abstract and brief. November 14, 1893, the appellant and appellee stipulated for twenty days time to file additional record. November 28, 1893, the appellee filed the additional record. December 5, 1894, appellee filed an abstract of that record and his briefs. December 13, 1893, the case was taken on the call on the briefs, with nothing to call the attention of the court that any objection could be make to any part of the record.

On this petition, for the first time, the objection is made that the additional record is by an unwarranted amendment of the bill of exceptions. That objection comes too late. Booth v. Koehler, 51 Ill. App. 370, applies in principle. Petition denied.