### H. B. PARKHURST *v.* WILLIAM BROOK.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed July 26, 1900.

*Construction of contract not to engage in a particular business.*—One who has agreed not to carry on the wood business does not break the agreement by letting one man have two cords of stove wood for cutting ice for him and giving a tenant eight cords in lieu of fixing up the house occupied by the tenant.

*Definition—" Business" as used in contracts in restraint of trade—*The word " business" as used in contracts not to engage in a particular business denotes an aggregation of acts rather than an isolated act or two performed as a matter of special convenience or interest.

DEBT ON SPECIALTY.   Pleas, the general issue, and license. Trial by jury, Orleans County, March Term, 1899, *Watson*, J., presiding.   Verdict directed for the plaintiff to recover $500, as liquidated damages.   Judgment on verdict.   The defendant excepted.

*O. S. Annis* for the plaintiff.

*F. S. Rogers* and *J. W. Redmond* for the defendant.

ROWELL, J.   The parties being separately engaged in buying and selling wood in North Troy and vicinity, the defendant sold his wood to the plaintiff, and agreed not to engage, nor be interested, "in the wood business, that is to say, in buying, selling or furnishing wood * * * in said North Troy nor in the immediate surrounding vicinity," so long as the plaintiff was engaged in that business there; and for a breach, to forfeit $500 as liquidated damages.   The defendant then lived in North Troy, but some months after, moved onto a farm six miles away, and has lived there ever since.   At one time while living there, he let a man in North Troy have two running cords of stove wood for cutting ice for him.   At another time, he gave a tenant in one of his houses in North Troy, eight cords, instead of fixing up the house and making it warmer, and to keep the tenant from going out. These are the claimed breaches.   But they are no breaches.   The word "business" is not used in the contract to denote an isolated act or two of disposing of wood for the special convenience and interest of the defendant, but an aggregation of acts that may fairly constitute the carrying on of the "wood business" as defined in the contract.   This is the meaning given to the word in the construction of contracts of insurance, and in determining whether the testimony shows a violation of agreements of the character of the one in suit.   Thus, in *Hoagland* v. *Segur*, 38 N. J. L. 237, the defendant agreed to abandon and not engage in the business of banking; and it was held that the single act of taking deposits was no breach.   So in *Turner* v. *Evans*, 2 El. & Bl. 512, the defendant agreed not to carry on the business of a

wine merchant within certain limits. But he systematically solicited orders therein and filled them, though he had no place of business there; and it was held a breach, because he did it on system, the court saying that if he had done it only now and then, to oblige an old customer or the like, it would have been no breach, for it would not have been carrying on business. A solicitor does not "carry on business" outside of the limits within which he is authorized to practice by his certificate, merely because of a single isolated transaction outside of those limits. *In Re Horton*, 45 L. T. 541.

The cases of *Clark* v. *Crosby*, 37 Vt. 188; *Barry* v. *Harris*, 49 Vt. 393; *Stevens* v. *Pillsbury*, 57 Vt. 205 and *Borley* v. *McDonald*, 69 Vt. 309—relied upon by the plaintiff—are not opposed to this view. *Clark* v. *Crosby* does not touch the question. The others are properly distinguished by the defendant's counsel when they say that "in each, it is not the particular act that is held to constitute the breach, but the fact that the defendant had entered upon a business, a systematic course of action, of which the specific acts were the natural outcome."

There being no evidence to sustain the verdict,

*Judgment reversed, verdict set aside, and cause remanded.*