LANDER, APPELLANT, *v.* SHEEHAN, RESPONDENT.

(No. 2,051.)

(Submitted December 20, 1904.   Decided February 6, 1905.)

*Partnership—Business Name—Necessity for Registration— Sale—Action for Price—Evidence—Admission—Instructions—"Seller's Praise"—Measure of Damages.*

Partnership—Use of Fictitious Business Name.
    1.   Sections 3280 and 3281 of the Code of Civil Procedure, requiring a partnership transacting business in a fictitious name, or under a designation not showing the names of the persons interested, to file a certificate stating the facts, and to publish the same, do not apply

to a person who uses as a business name his surname, followed by the words "Furniture & Carpet Co.," and who is the sole owner of the business.

Sales—Warranty—Evidence—Jury.

2. In an action for the price of a stove alleged by defendant to be inferior to the warranty, testimony as to experiments by witness at cooking with the stove, and that the "things I tried to cook were not fit to eat, we couldn't eat them, I could not do anything with the stove," was not an invasion of the province of the jury as drawing conclusions from the evidence.

Sales—Evidence—Trademark.

3. In an action for the price of a stove alleged by defendant to have been worthless, the admission of testimony of a third person that he had purchased a stove of plaintiff bearing the same trademark, which proved to be worthless, was error.

Sales—Instructions—Seller's Praise—Warranty—Opinion.

4. In an action for the price of a stove, the defense of which is based on a breach of warranty, the jury should be instructed that mere statements by the salesman made at the time of the sale, and by which was expressed a favorable opinion of the stove, or by which the salesman indulged in an expression of opinion concerning the merits of the stove, does not constitute a warranty, and it is for the jury to determine from all that was said by the parties at the time of the sale whether the statement of the salesman about the stove was made as one of fact or of mere opinion.

Sales—Breach of Warranty—Measure of Damages—Instructions.

5. Where the defense in an action for the price of a stove is framed so as to give defendant the benefit of section 4314 of the Code of Civil Procedure, in relation to the measure of damages for breach of warranty of the fitness of the article sold, it is misleading to instruct the jury on the measure of damages, under section 4313, for the breach of warranty of the quality of the articles sold.

Instructions—Jury must Obey.

6. The jury must obey the instructions of the court, whether correct or not.

*Appeal from District Court, Silver Bow County, Wm. Clancy, Judge.*

Action by George S. Lander, doing business as the Lander Furniture and Carpet Company, against Pat Sheehan. From a judgment for defendant and an order denying a new trial plaintiff appeals. Reversed.

*Mr. Peter Breen* and *Mr. J. J. Lynch,* for Respondent.

*Mr. John Lindsay,* and *Mr. Jas. H. Baldwin,* for Appellant.

MR. COMMISSIONER BLAKE prepared the opinion for the court.

This action was commenced by plaintiff (appellant) in the justice's court, by the filing October 23, 1901, of the following account:

"Butte, Montana, Aug. 23, 1901.

"M. Pat Sheehan, 217 N. Jackson, Bought of Geo. S. Lander, doing business as Lander Furniture & Carpet Co., Furniture, Bedding, Carpets, Stoves, Tin and Granite Ware, Crockery, Lamps and General Household Goods.

44 to 48 East Broadway.    Telephone 335.

| | |
|---|---|
| 1 Steel Range... ............... ...........$35 | 00 |
| 1 Taper...... ............... .......... | 75 |
| 2 Jts. Pipe........ ..... ............. | 1 00 |
| 1 Elbow.. ........... ..... .... | 50 |
| 1 Collar ........... ...... ......... | 10 |
| | $37 35" |

The answer filed in that court admits that defendant (respondent) bought the articles described in the account, and says that plaintiff at the time of the sale warranted the range "to do good cooking and baking"; but that the range "was entirely worthless," did not "cook and bake at all," and was "inferior and defective." It further alleged that defendant notified plaintiff that the range was worthless and defective, and set forth a counterclaim for damages caused by the loss of food through the bad cooking of the range. In the justice's court judgment was entered for defendant for the sum of $37.55, and plaintiff appealed.

In the district court the answer was amended as follows: "By way of amendment to the answer herein on file, by permission of the court first had and obtained, the defendant files this, his amendment, to said answer, and alleges: That one Lander, the plaintiff in this action, is doing business now, and at the time mentioned in the complaint and answer herein was doing business, under the name of 'Lander Furniture and Carpet Company,' in Silver Bow county, Montana, as its principal place of business, said name being the name by which said action was

brought herein, and said name does not show the names of the parties interested in the said business; that said plaintiff has not filed in the county of Silver Bow, or in any other county of the state of Montana, any certificate showing the names of the parties interested in said Lander Furniture and Carpet Company, nor has any notice been published as required by law of said fact; and the said plaintiff has in no wise complied with the provisions of sections 3280, 3281, of the Civil Code of the state of Montana." Judgment was entered on a verdict for defendant in the sum of $10, and plaintiff appealed from the order overruling his motion for a new trial.

The sections of the Civil Code referred to in this answer require a partnership transacting business under a fictitious name, or a designation not showing the names of the persons interested in the business, to file a certificate stating the facts, and publish the same, and provide that persons who do not comply with these provisions shall not maintain any action upon contracts. George S. Lander testified on the trial: "I am acquainted with the Lander Furniture and Carpet Company. I am proprietor of the same. I am the sole owner." The sections of the statute have no application. They apply only to partnerships doing business under fictitious names or titles not revealing the names of the persons interested in the business.

A salesman in the store of plaintiff sold the range and "pipe going with it," and we quote from the testimony of Lander: "The man who sold this stove was working for me as agent. * * * Among his other duties was to sell stoves. * * * We guarantee a stove to bake and cook. This man had authority to guarantee the stove to bake and cook." The wife of defendant made the purchase, and testified, without any objection: "I am acquainted with the Lander Furniture and Carpet Company. I have been acquainted with them since the time I purchased the stove. That was about the 8th or 9th of August. I bought this stove at their store. I do not know the name of the man that made the sale to me, but I would know the man when I saw him. It was a man in the store. It was not Mr. Lander himself. At the time I made this purchase I

asked the man if he had a good range, and he showed me the Universal, and recommended it to me, and told me if it was not good—a good baker, and a good stove—he told me if I would take the stove, and if it was not satisfactory, he would take it back; that we should not keep it; that his company would not let me do it. They delivered the stove. The stove was no good. It would not bake. I kept the stove about three weeks. It was in the house about three weeks. I notified the Lander Furniture and Carpet Company, and I told him to take his stove away; that I couldn't do anything with it. I made that report to the collector. He sent a man with a bill before he let me try it. I told him to notify the Lander Furniture and Carpet Company to come and take it away. The agreement was that I was to try the stove until it was proven satisfactory, then I was to pay for it." The testimony of this witness was not contradicted or impeached, the salesman conducting the sale was not called as a witness, and the plaintiff did not offer any evidence to prove that the range was fit for any purpose.

Miss Brown testified: "My occupation is cooking. I have been engaged in the occupation a good many years, I guess. * * * These things I tried to cook were not fit to eat. We couldn't eat them. They were thrown out. I could not do anything with this stove." The appellant insists that the witness, by expressing her opinion about the working of the range, invaded the province of the jury to draw conclusions from the evidence. The above matters were clearly within her knowledge, and her answers were confined to her observations and experience as a cook in the employment of defendant. The objection of appellant to the admission of this testimony was properly overruled.

Two witnesses—Waldrip and his wife—testified under objection that they had in their house two years a range bought of appellant, and bearing the same trademark as that sold to respondent, and that it was worthless. The court erred in permitting this testimony to be introduced. (*Fox* v. *Harvester Works,* 83 Cal. 333, 23 Pac. 295; *Stockton Works* v. *Glens*

*Falls Ins. Co.,* 121 Cal. 167, 53 Pac. 565; *Murray* v. *Brooks,* 41 Iowa, 45.) In *Stockton Works* v. *Glens Falls Ins. Co., supra,* the court said: "Defendant endeavored to show that the destroyed machines were worthless by showing how other machines of similar pattern built by plaintiff had worked. This evidence was refused upon an objection that the salability or cost of construction or value of one machine cannot be shown by comparison with another. * * * We think the ruling was correct."

The court gave the instruction numbered 3, incorporating section 2370 of the Civil Code, to wit: "The jury are instructed that a warranty is an engagement by which a seller assures to the buyer the existence of some facts affecting the transaction, whether past, present, or future." At the request of appellant the court gave the instruction numbered 4, to wit: "The jury are instructed that, to create an express warranty the word 'warrant' need not be used, nor any particular words necessary. Any affirmation (other than mere dealers' talk) made at the time of the sale as to the quality or condition of the thing sold will be treated as a warranty, if it was so intended, and the purchaser bought on the good faith of such affirmation; and whether it was so intended and the purchaser acted upon it are questions of fact for the jury." This is derived from the opinion of the court in *McLennan* v. *Ohmen,* 75 Cal. 558, 17 Pac. 687. (See, also, Biddle on Warranties, sec. 35, and cases cited; *Mason* v. *Chappell,* 15 Gratt. 572; *Osgood* v. *Lewis,* 2 Har. & G. 495; *Shippen* v. *Bowen,* 122 U. S. 575, 7 Sup. Ct. 1283, 30 L. Ed. 1172.)

The appellant complains that instruction numbered 8 was refused, to wit: "The jury are instructed that mere statements on behalf of the plaintiff or its agents, made at the time of the sale, and by which was expressed a favorable opinion of the article sold, or by which the plaintiff or its agents indulged in an expression of an opinion concerning the merits of the article sold, does not create a warranty. This would be mere praise of its own property; the simple commendation which is allowable in making a trade—*i. e.,* is mere dealer's talk, and does not amount

to a warranty." The court evidently entertained the view that this instruction was in conflict with said instructions numbered 3 and 4, and might mislead the jury. The effect of this language may be comprehended by considering the authorities supporting the doctrine of said instructions numbered 3 and 4, as well as the limitations of the words "dealer's talk" or "seller's praise."

Mr. Biddle, in Warranties in the Sale of Chattels, says: "It has also been stated above [referring to said section 35] that a warranty must be a statement of a *fact* upon which the buyer relies in making his purchase; consequently, words of description, or certain vague expressions of opinion, made by the seller, as to the quality or value of his goods, or for the simple commendation of them, are not to be treated as warranties, and the maxim is, *'Simplex commendatio non obligat.'* " (Section 43.)

In *Mason* v. *Chappell, supra,* the court said: "Any distinct affirmation of quality made by the vendor, at the time of the sale, not as an expression of opinion or belief, but as an assurance to the purchaser of the truth of the fact affirmed, and an inducement to him to make the purchase, is, if accordingly received, and relied on, and acted upon by the purchaser, an express warranty. But no affirmation, however strong, will constitute a warranty, unless it was so intended. * * * It is often very difficult to determine whether an affirmation was intended as a warranty or as a mere expression of opinion."

In *Bishop* v. *Small,* 63 Me. 12, the court said: "Most of them (representations) are too preposterous to believe. None of them are representations of facts, affecting the quality of the article sold, known to the vendor, but unknown to the vendee, and such as a vendee using common care would be deceived by. They are only 'dealer's talk.' "

Mr. Mechem, in his work on Sales, says: "The doctrine of immunity to seller's praise is one which is not to be pressed too far. The tendency of the later cases is to attach more consequence to the seller's affirmations than is given to them in the earlier ones, and it is usually a question for the jury whether his positive affirmations even of worth or value were, under the cir-

cumstances, to be regarded as the mere expression of his opinion, or as such reliance-begetting representations as constitute a warranty." (Section 1246. See, also, Tiedeman on Sales, sec. 166; *Kimball* v. *Bangs,* 144 Mass. 321, 11 N. E. 113.)

Inasmuch as the case must be remanded for a new trial, we think an instruction similar to said instruction numbered 8 should be given, with the qualification that the jury must determine from all that was said by the parties at the time of the sale whether the statement of the salesman about the range was made as one of fact or of mere opinion.

It is contended that the court erred in modifying the instruction numbered 6, which stated, in substance, that, if the range had a trademark, "the law implies but two warranties"—that the seller has a good and unencumbered title, and that the trademark is genuine, and lawfully used. The modification is as follows: "But in this case you may further find, if you can, from all the evidence, that this stove would bake and cook if properly handled, and so warranted by the plaintiff." The jury might have been misled by the use without any qualification of the phrase "but two warranties." The stove had a trademark, the "Universal Range," and their attention was therefore directed to the express warranty sought to be shown in the testimony. The modification is expressed in obscure phrases rendering the meaning doubtful, but appellant could not have been prejudiced.

The court gave the following instruction at the request of appellant: "The jury are instructed that in an action brought upon a warranty the true measure of damages is the difference between the value which the thing sold would have had at the time of the sale if it had been sound, or corresponding to the warranty, and its actual value with the defect warranted against, if any such has been proved." No other instruction was given or requested upon the measure of damages, and it should be observed that this was not an action upon a warranty, although the counterclaim may be treated as such when the rights of the parties are adjudicated. Judgment was entered for defendant upon the counterclaim in the sum of $10, and the appellant

maintains that the verdict is contrary to the instruction, and therefore against law. There is no difference, in legal effect, between this instruction and section 4313 of the Civil Code, but the counterclaim was framed in order that defendant might have the benefit of section 4314 of the Civil Code, to wit: "The detriment caused by the breach of a warranty of the fitness of an article of personal property for particular purposes is deemed to be that which is defined by the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose." Respondent did not pay any money or execute an obligation to appellant on account of this transaction. We do not hesitate to declare that this instruction is incomplete and misleading. The jury, however, must obey the instructions of the court. (*Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *State* v. *Dickinson*, 21 Mont. 595, 55 Pac. 539; *King* v. *Lincoln*, 26 Mont. 157, 66 Pac. 836; *McAllister* v. *Rocky Fork C. Co.*; 31 Mont. 359, 78 Pac. 595.) There is no testimony showing the difference between the value which said property would have had when sold if it corresponded to the warranty and its actual value when the defect warranted against was ascertained. It is apparent from the verdict that the range and pipe were considered worthless, and damages were assessed in accordance with the counterclaim. If the jury decided that the articles sold had no value, they had no authority, under the instruction, to assess any damages prayed for in the counterclaim, and the verdict was against the law.

We recommend that the order appealed from overruling the motion for a new trial be reversed, and the cause be remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is reversed, and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE MILBURN: I concur in the result.