WALTER L. JOHNSON v. CASS & EMERSON.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 17, 1917.

*Assumed Name—No. 117, Acts 1908—"Business"—"Doing Business."*

The plaintiff used upon his stationery the words, "Johnson's Employment Office, W. L. Johnson, Prop'r" and "Johnson's Employment Agency, W. L. Johnson, Prop'r;" and advertised his business under the name of "W. L. Johnson, Proprietor," except in three issues of a newspaper, when the advertisements read "Johnson's Employment Agency." *Held*, these facts had no tendency to show that plaintiff

was doing business under a name other than his own, within the
meaning of No. 117, Acts of 1908.

The word "business" implies an employment or occupation, that is con-
tinuing, and a single or isolated act of advertising under a name
other than that of the plaintiff is not "doing business" under the
name thus used, within the meaning of No. 117, Acts of 1908.

ACTION OF CONTRACT. Plea, the general issue. Trial by
jury, in the Caledonia County Municipal Court, *G. C. Frye*, J.
At the close of plaintiff's case, the court dismissed the action for
want of jurisdiction, upon the ground that plaintiff was doing
business under a name other than his own, and had not complied
with the provisions of No. 117, Acts of 1908. The plaintiff ex-
cepted. The opinion states the case.

*Simonds, Searles & Graves* for the plaintiff.

*Porter, Witters & Harvey* for the defendants.

WATSON, J. This action was brought before the Caledonia
County Municipal Court. The trial was by jury. At the close
of the plaintiff's evidence, the court, having found that the
plaintiff was doing business in this State under a name other
than his own, and it appearing that he had never filed returns
and paid registration fee as required by No. 117, Acts of 1908,
dismissed the action for want of jurisdiction of the process. The
plaintiff excepted on several grounds assigned, among which was
that the finding was not supported by the evidence.

By Sections 1 and 2 of the Act of 1908, a person doing busi-
ness in this State under any name other than his own, shall
within ten days after the commencement thereof make and file
in the clerk's office in the town or city wherein the principal
place of business of such person is located, a return setting
forth (among other things) the name under which such busi-
ness is carried on, and the individual name and residence of the
person doing business thereunder; and shall also file with the
commissioner of state taxes a like return. By Section 11, no
person subject to this Act shall institute any proceedings in
this State for the enforcement of any right or obligation, unless
he shall, prior to the issuance of the original writ or complaint

therein, have filed the returns and paid the registration fee required by this law.

Did the evidence fairly tend to show that the plaintiff ''was doing business'' under any name other than his own? It appeared that he was engaged in running an Employment Agency or Office at St. Johnsbury, and while so engaged, he at three different times in November, 1915, at defendants' request, sent them men (twenty-six in all) to work in and about their lumber business in or near Johnson, this State. This suit is to recover the amount claimed by the plaintiff to be due him from the defendants for sending to them the workmen mentioned.

The evidence showed that the plaintiff, in carrying on his said business, used only two styles of stationery. One style, his letter heads, had a printed heading at the top as follows:

''Johnson's Employment Office
W. L. Johnson, Prop'r''

At the upper left-hand corner was printed, ''Male and Female Help, Hotel, Restaurant, Mercantile, Farm and Woodmen.'' At the upper right-hand corner was printed, ''Hotel help a specialty. Insurance Agency.'' The other style paper (perhaps it may be considered more as business paper) had a printed heading as follows:

''Johnson's Employment Agency
W. L. Johnson, Prop'r''

Underneath the foregoing, with a larger space between them, was a printed line, ''Reliable Help for the business House, Factory, Hotel and Home.'' These two styles of paper were used by the plaintiff in the business had by him with the defendants concerning which this suit was brought. In connection with this business, the plaintiff took twenty-four orders from the men he sent to the defendants, for certain sums of money, the amount of which orders severally, according to an understanding between the plaintiff and the defendants, the latter were to withhold from the sum due the several workmen for services, for the benefit of the plaintiff. These orders were made payable, twenty-two to ''the order of W. L. Johnson,'' and two to ''the order of Johnson.'' The plaintiff had no office. He was the janitor of the Globe Theatre, at St. Johnsbury, and used that office. He advertised the Johnson Employment Agency on the screen at the Globe Theatre, by way of slides, but his name was on them. The writ in this case is dated November 24, 1915. Up to that time he

had always advertised his business under the name of "W. L. Johnson, Proprietor," except one advertisement which appeared in three successive issues of the *St. Johnsbury Republican,* under dates of November 10, November 17, and November 24, 1915. This advertisement read: "Wanted at once, second girls, chambermaids, waitresses and general housework women, also 100 woodmen. Johnson's Employment Agency, St. Johnsbury." The business with the defendants, here in question, was in November, during the time this advertisement was running. The plaintiff testified that he always did his business under his own name, and there was no evidence upon which it could be found to the contrary. The giving of the plaintiff's name as proprietor under the designation "Johnson's Employment Agency," or "Johnson's Employment Office," whether on his stationery or otherwise in connection with carrying on or advertising his business, on its face carried information that he was the owner of the business and was doing it under his own name. No more definite information thereof could well be given. No person could reasonably be misled by it, any more than he could when the plaintiff, for instance, took the orders from the workmen, as mentioned above, payable to the order of himself, using his own name. It had no tendency to show that he was doing business under any name other than his own. *Rosenheim* v. *Rosenfield,* 13 N. Y. Supp. 720; *Merrill* v. *Caro Investment Co.,* 70 Wash. 482, 127 Pac. 122; *Lander* v. *Sheehan,* 32 Mont. 25, 79 Pac. 406. The court below, however, seems to have been controlled by the fact that the plaintiff had the advertisement for three successive issues in the *St. Johnsbury Republican,* under the name of "Johnson's Employment Agency," as stated above. Yet it was the same advertisement, and constituted but a single act. If it be admitted that "doing business" under such designation without filing the returns required by the statute of 1908, would be in violation of that statute, it does not follow that this single advertisement had that effect. The word business implies an employment or occupation that is continuing. A single or isolated act of advertising, as in this instance, under a name other than the name of the plaintiff, is not "doing business" under the name thus used, and the court below should have so ruled. *Parkhurst* v. *Brock,* 72 Vt. 355, 47 Atl. 1068; *State* v. *Scampini,* 77 Vt. 92, 59 Atl. 201. Apart from this there being no acts of the plaintiff tending to show him doing business other than under

his own name, the court should have held as a matter of law that he was not doing business under any name subjecting him to the provisions of the statute named.    We hold therefore that the finding to which exception was taken, was not supported by the evidence, and that to dismiss the suit for want of jurisdiction was error.

*Judgment reversed and cause remanded.*