No. 12,454.

Brannan v. Collins et al.
(4 P. [2d] 684)

Decided September 28, 1931.  Rehearing denied October 26, 1931.

Mr. Hudson Moore, Mr. F. R. Lilyard, for plaintiff in error.

Mr. M. W. Spaulding, Mr. James H. Brown, Mr. Frank E. Hickey, Mr. S. R. Robertson, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This action was instituted by J. W. Brannan against J. G. Collins, his wife Lucy Collins, and G. C. Sparks, and the National Mortgage and Discount Corporation. The complaint asks equitable relief by way of cancellation of a written contract of sale of shares of capital stock of a corporation known as "Perfect Anti-Freeze Company," which contract the three individual defend-

ants made with the plaintiff; and also the cancellation of plaintiff's promissory notes to them as payees, which constituted part of the purchase price, and which, it is alleged, were transferred by the payees to the defendant corporation, the latter at the time having knowledge of the frauds of the three individual defendants by which the notes and contract were procured from the plaintiff. These alleged frauds are specifically set out in the complaint.

The three individual defendants in their separate answer, and the corporation defendant in its own answer, denied generally and specifically the allegations of fraud which are the foundation of the action, and affirmatively pleaded that the plaintiff made his purchase, and signed the sales contract and the promissory notes in suit, as the result of his own independent investigation, and upon his individual judgment as to the efficacy and value of the anti-freeze mixture or formula which constituted the assets of the anti-freeze company. Trial to the court without a jury resulted in findings of fact for the defendants, followed by dismissal of the action.

This writ of error to review the adverse judgment against him was sued out by the plaintiff Brannan. After the opening, answer, and reply briefs were filed, Brannan died and thereafter his widow, as the duly qualified executrix of his estate, was, on her application therefor, substituted as plaintiff in error in the writ. Defendants in error filed a motion to dismiss this writ of error upon the ground that the action abated at the death of the original plaintiff in error. The specific ground of the motion is that since the action is one to recover damages for injuries alleged to have been done to the person of the original plaintiff in error, Brannan, it necessarily abated at his death. We declined to pass upon the motion when it was filed, but reserved action upon it until the case was reached in due course for final determination on the merits. Although the case has now been reached for final decision, we find it unnecessary to pass

upon the motion to dismiss in view of the fact that our decision of the case on the merits is in favor of the defendants in error. Thereby they obtain all the relief to which they are entitled. In passing, however, lest our refusal to determine the motion might be construed as indicating our view that it is well taken, it is to be said that the opinion in *Swartz v. Rosenkrans,* 78 Colo. 167, 240 Pac. 333, seems to be against the view entertained by the defendants in error.

We pass now to the merits. The salient facts, as set forth in the brief of plaintiff in error, are that the individual defendants owned a formula and a claim for a patent for a mixture known as "anti-freeze" for use in automobile radiation. This formula was shown to plaintiff before he signed the sale contract. The individual defendants possessed only small means, but during the winter of 1926-27 they manufactured and sold small quantities of the mixture. During this time they applied for a patent therefor, which it seems had not been obtained at the time of the trial. The compound or mixture consists of salt, glucose and water. Where a temperature lower than 20 degrees below zero requires it, glycerine is to be added. The defendants had also selected a trade name for the compound and had taken steps to have the same awarded to them by the appropriate department of the federal government. The individual defendants had previously organized a corporation known as the Perfect Anti-Freeze Company, to which were assigned the patents in exchange for its capital stock. In some way which is not very clearly explained, Mr. Brannan, the original plaintiff in this action, became interested in this corporation and its business and a contract was entered into between him and the individual defendants, in and by which the plaintiff agreed to purchase, and these defendants agreed to sell to the plaintiff, 1800 shares of the capital stock of the corporation for the sum of $25,000. The complaint alleges that the plaintiff entered into this agreement in reliance upon false representation made to

him by the three defendants to the following effect: (1) That no assignments of any interest in the invention or formula had been made, or state rights to manufacture or vend the same were outstanding; (2) that the compound or formula would withstand a temperature of 27 degrees below zero without freezing; (3) that it would not corrode or damage metal or automobile parts, was a suitable compound for automobile radiation purposes, and of great value. Relying upon such representations the complaint says that the plaintiff closed the deal and signed a written contract, paid $500 in cash and executed and delivered his promissory notes for the balance of the purchase money, some or all of which are held by the defendant mortgage company with notice of the infirmity.

As to the first specification it appears that defendants had previously given authority to some person to manufacture and vend the mixture in the state of Minnesota. But the defendants had secured a relinquishment of the assignee's rights. Brannan had asked for the surrender and apparently was satisfied with it.

As to the other two specifications it is to be said that much testimony was taken, written and oral. The trial judge, as a trier of the facts, found all the issues of fact in favor of the defendants and as against the plaintiff and dismissed the action. Assuming for our present purpose that the defendants made to the plaintiff statements that were not true in all respects—although the trial court substantially found adversely to the plaintiff in the important and controlling matters—and assuming further that some of these statements were false, although they may not have been known to be false by the defendants at the time they were made; and further assuming that had it not been for the consideration presently to be mentioned, that plaintiff would be entitled to some relief, it clearly appears from the testimony, and the trial court so found in its elaborate written findings of fact, that the plaintiff did not rely upon the al-

leged false and fraudulent representations, or any of them, which were made to him by the defendants, but, on the contrary, before he made the purchase, and before he made the cash payment and executed the promissory notes, he made a careful and diligent investigation of his own, extending over a period of about thirty days, and ascertained from chemists, to whom the compound had been submitted for tests, the result thereof, and entered into the purchase and sale as the result of his own independent investigation. Doubtless Brannan suffered losses as the result of this transaction, but, if so, according to the findings of the trial court, he brought the same upon himself. He was the owner of considerable property, a careful and successful business man in various enterprises, and according to the trial court's findings did not rely upon the alleged false statements of the defendants but upon his own judgment after the independent investigation which he made.

Some courts have held the general rule to be that ''statements merely descriptive of the operation and utility of an invention or patented article are usually regarded as mere expressions of opinion or 'dealers' talk,' and even a misrepresentation that experiments have been made with the invention and have proved successful has been held to be merely an expression of opinion and so not actionable, although put in the form of a statement of a past fact.'' 26 C. J., p. 1098, §27. There is a valuable discussion of this particular question by the Supreme Judicial Court of Massachusetts, in the case of *Kimball v. Bangs,* 144 Mass. 321, 11 N. E. 113, wherein the court by Morton, C. J., in a succinct and short opinion reaches this conclusion. It is more satisfactory, however, to put our decision upon the impregnable ground that the decision of the trial court must be affirmed because, even if the representations of the individual defendants were what Brannan claims them to be, according to the findings of the trial court upon the evidence, he did not rely

upon them, but upon his own judgment as an experienced business man as to the value of what he purchased.

The judgment is therefore affirmed.