## JOHN MUNOZ *v.* Y. F. LING, DOING BUSINESS AS AH FAT STORE.

### No. 2361.

SUBMITTED OCTOBER 21, 1938.    DECIDED JANUARY 25, 1939.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE LE BARON IN PLACE OF COKE, C. J., ABSENT.

*Per Curiam.* This is an action in assumpsit for the balance alleged to be due for work and labor performed. The plaintiff sued as the assignee of the creditor. Upon the conclusion of plaintiff's case before the magistrate, an involuntary nonsuit was entered upon four grounds, three of which involved the legality of the assignment, the fourth, payment. Defendant claimed the assignment was void for the reason that it was to "John Munoz Agency," neither a natural nor artificial person having legal entity. Plaintiff

appealed to this court upon points of law which present for review the propriety of the order of nonsuit upon the grounds alleged.

First as to the legality of the assignment: Plaintiff as a part of his case in chief testified to his true name which is the same by which he sued as plaintiff. He also testified that he did business under the name of "John Munoz Agency" and was the assignee named in the assignment; that John Munoz Agency was his own collection agency; that it was not a corporation nor a partnership and that he used the name for his business.

Whether the name "John Munoz Agency" is an assumed or trade name is debatable. (See *Johnson* v. *Cass & Emerson,* 91 Vt. 103, 99 Atl. 633.) But assuming that it is, the evidence of the plaintiff heretofore referred to was sufficient to explain the ambiguity, if any, that existed in the assignment from the presence of the word "agency" after and in connection with the true name of the assignee. It is a settled rule of evidence that it may be shown *aliunde,* by parol evidence, that an assumed or trade name in the contract was meant to indicate a certain person. "Such proof only identifies one of the parties to the contract and makes no change in any term, condition, or obligation of the contract, and is comprehended by that rule of evidence which allows the fact of a latent ambiguity to be explained by parol testimony." *Rosenberg* v. *Maryland Casualty Co.,* 130 Atl. (N. J. Misc.) 726, 727. (See also *Beilin* v. *Krenn & Dato,* 350 Ill. 284, 183 N. E. 330.) Apparently the assignment was to John Munoz, the plaintiff in the case. By whatever name one may contract, he may sue and be sued by his right name. (*Steinfeld* v. *Taylor,* 51 Ill. App. 399, 400.)

The remaining ground of the nonsuit requires no discussion. The plaintiff made out a *prima facie* case and there was no evidence of payment of the balance of $80 due.

The judgment of involuntary nonsuit is vacated and set

aside and the cause remanded for further proceedings consistent with this opinion.

*Wendell F. Crockett* for plaintiff.

*E. Vincent* for defendant.