NICHOLS & SHEPARD COMPANY v. L. S. HACKNEY and Another.

January 12, 1900.

Nos. 11,892—(187).

### Principal and Agent—Agreement to Accept Note of Third Person.

An agreement by a general agent, who possesses full power and authority to make collections and settlements of debts due his principal, entered into with a debtor of the principal, to accept and receive the promissory note of a third person in payment of an indebtedness due the principal from such debtor, is valid, and will bind the principal, if founded on a valuable consideration.

### Verdict.

If a verdict of a jury can be sustained on any proper and consistent theory of the evidence, it is the duty of the court, in the absence of some prejudicial error in law, to sustain it, and refuse a new trial.

### Verdict Sustained by Evidence.

Evidence considered, and held to sustain the verdict.

Action in the district court for Watonwan county to recover $951.91 with interest on three promissory notes. The case was tried before Severance, J., and a jury. At the close of the testimony the court granted the motion of plaintiff to dismiss the action as to defendant Weymouth, and the jury rendered a verdict in favor of defendant Hackney. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*A. E. Clark,* for appellant.

*Ashley Coffman* and *W. S. Hammond,* for respondents.

BROWN, J.

· The complaint in this action contains three causes of action, based upon three promissory notes heretofore made and delivered to plaintiff by defendants. The answer admits the making and delivery of the notes, and alleges, in defense—First, that all the notes have been paid; and, second, that those mentioned in the first and second causes of action are barred by the statute of limitations. The notes were given by defendants in payment for a thresher outfit purchased of plaintiff at about the time they were so given. At the trial in the court below plaintiff dismissed the action as to defendant Weymouth, defendant Hackney had a verdict, and plaintiff appeals from an order denying a new trial.

In support of the defense of payment, defendants introduced evidence tending to show that some time after the purchase of the thresher outfit, which consisted of a steam engine and separator, and after one or more of the notes given therefor had become due, they made and entered into an agreement with plaintiff by which they were to sell the outfit to some third person, and turn the notes to be received therefor over to plaintiff, which plaintiff agreed to accept and receive in payment, pro tanto, at their face value, of the notes in suit; that, under and pursuant to this agreement, they sold the engine belonging to said outfit to the firm of Edwards & Carlile for the sum of $1,050, and delivered the notes received in payment to the plaintiff. Such notes were made payable to the plaintiff, and plaintiff has at all times since retained the same. It is insisted by defendants that plaintiff accepted the same in payment of their notes, pursuant to such agreement. The plaintiff denies this, and insists that such notes were delivered to, and accepted by, it as collateral security only. The aggregate amount of the Edwards & Carlile notes, and the subsequent payments made by defendants, exceeds the total amount due on the notes in suit.

This defense of payment extended to all the notes mentioned in the complaint, while the defense of the statute of limitations extended to the first two only. The jury returned a general verdict for defendant Hackney, and must necessarily have founded it upon the defense of payment. They thus found that plaintiff accepted

the Edwards & Carlile notes in payment, and not as collateral security. No other finding could have resulted in a general verdict for defendants, and such a verdict could not have been returned without such a finding. The questions pertaining to the second defense are not, therefore, important, and need not be considered. The only question there involved, and the only one submitted to the jury by the trial court, was whether defendants made certain payments to plaintiff to be applied on the first and second causes of action, and thus interrupted the running of the statute of limitations; and in view of the fact, which conclusively appears from the record, that the jury found that all the notes have been paid in full, it becomes immaterial whether the disputed payments were made or not. A finding that they were or were not made would in no way affect the result as arrived at by the jury. The notes having been paid in full, there was nothing for the statute of limitations to act upon.

If a verdict of a jury can be sustained on any proper and consistent theory of the evidence, it is the duty of the court to sustain it, and refuse a new trial, unless the record presents some error in law of sufficient importance to justify setting it aside. We may say, in passing, that we find no such error in the record in this case, either in the rulings of the court on the admission of evidence, or in the charge to the jury or refusals to charge. If this verdict is sustained by the evidence, therefore, the order appealed from must be affirmed. And the important question in the case is whether it is thus sustained. The evidence on the subject is conflicting, with circumstances corroborating both parties. We have examined and considered it thoroughly, and reach the conclusion that it is sufficient to sustain the verdict. While some of us might not have viewed the evidence in the same light the jury did, had the question been submitted to us as an original proposition, yet we cannot see our way clear to disturb the verdict, approved, as it has been, by the learned trial judge.

The agreement under which defendants claim that plaintiff accepted the Edwards & Carlile notes in payment was made with J. L. Gable, the general agent of plaintiff. There can be no question as to his authority to enter into the agreement. It clearly appears

that he was the general agent and manager of plaintiff, and had full charge of its business affairs in this state, with full authority to make settlements with plaintiff's debtors. An agreement by such an agent, founded on a sufficient consideration, to accept and receive the promissory notes of a third person in payment of a debt due the principal, is valid, and the principal is bound thereby. The consideration for this agreement was ample. The defendants parted with the title to the engine, and delivered plaintiff the notes received in payment therefor.

Order affirmed.