AVERY PLANTER COMPANY v. ELMER L. PECK.[1]

July 20, 1900.

Nos. 12,162—(191).

**Rescission of Contract of Sale.**

Where, by the terms of a warranty given on the sale of personal property, a rescission of the contract is provided for in case of a breach of the warranty, and is conditioned on certain specified acts to be done by the purchaser precedent to the right to rescind, a return of the property to the seller is ineffectual as a rescission unless such conditions be complied with.

**Same—Return of Property—Acceptance.**

If, in such case, however, a rescission of the contract be attempted without such compliance, and the property be returned to the seller, and such seller acquiesce therein, and accept and receive the property, a compliance with such conditions is waived.

[1] Reported in 83 N. W. 455, 1083.

**Same—Action upon Notes Given by Buyer.**

> Where a contract of sale of personal property is rescinded by a return of the property to the seller, no action will lie to recover upon promissory notes given in payment of the purchase price.

Action in the district court for Goodhue county to recover $825 and interest on promissory notes. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed on rehearing.

*Brown, Reed, Merrill & Buffington,* for appellant.

*A. J. Rockne* and *Albert Johnson,* for respondent.

BROWN, J.

This action is to recover upon two promissory notes heretofore made and delivered to plaintiff by defendant. The notes were given in payment of the purchase price of a threshing-machine outfit purchased of plaintiff July 15, 1898; and defendant sets up in defense that the machine was sold under a warranty, a breach thereof, and a rescission of the contract. Defendant had a verdict in the court below, and plaintiff appeals from an order denying a new trial.

Several questions are presented by the record, and were argued by counsel; but, as the case must be disposed of on the ground that the contract was rescinded by the consent of the parties, no question not pertinent to that issue need be considered. Defendant offered evidence tending to show a rescission of the contract by a return of the machine, and an acceptance thereof by plaintiff. If this evidence is sufficient to justify a finding that there was such a rescission, and there be no error in law on the subject of the admission of evidence, or in any ruling bearing directly on that issue, the verdict cannot be disturbed, even though there may be errors with respect to other questions in the case.

The terms of the warranty required, in case the machine failed to do good work or to "satisfy the warranty," that the question as to its fitness be submitted to and determined by three disinterested parties, whose determination should be final and conclusive, and that in case the referees determined that the same was not a com-

pliance with the warranty, and could not be made to do good work, then and in that event only the defendant could return the machine to the place where he received it. Defendant received the machine at Faribault. He began operating it about the middle of August, but made no complaint that it was defective until about September 9. The warranty expressly required notice of a failure to work as represented to be given to plaintiff "after six days' trial, and within ten days from its first use." There was not a compliance with this provision; neither was there a compliance with respect to the place where the machine should be returned, nor as to a test by the referees. The evidence is conclusive that the machine, as a threshing outfit, was defective and incapable of doing or being made to do good work; and for this reason defendant claimed the right to rescind the contract. And although the contract made a return to the place where he received it, namely, Faribault, necessary, defendant claims that one of plaintiff's agents authorized a return and delivery at Kenyon instead.

Whether the agent had authority to waive a strict compliance with the contract in this respect is of no importance, in the view we take of the case, and need not be considered. Nor is it important that defendant had no right, as a matter of law, to rescind the contract at the time he returned the machine. He had no such right, because he had failed to comply with the terms of the warranty in the respects pointed out, and such failure was fatal to the right of rescission unless waived by plaintiff. But whether defendant had the right to rescind or not, he claimed the right to do so, and, acting on such claim, he returned the machine to Kenyon, and notified plaintiff that he had done so; at the same time saying to it, in the letter of notification, that if plaintiff insisted upon it he would return it to Faribault. It does not appear that plaintiff gave any further directions in the matter. Neither does it appear that any objection was made to the rescission of the contract, nor that plaintiff in any way questioned the right of defendant to rescind. And, though the evidence is not the most satisfactory, we are of the opinion that it is sufficient to justify a finding that plaintiff acquiesced in the rescission, and accepted the return of the

machine at Kenyon, resumed possession thereof as its own, and has since retained it.

Defendant's testimony that plaintiff's agents took possession of the machine after he returned and left it at Kenyon is not denied, any further than the negative testimony of the general agent may be construed as a denial. But the facts were for the jury, and we hold that the evidence justifies a verdict that there was an acceptance of the machine by plaintiff's agents. Such being the fact, plaintiff cannot now be heard to complain that defendant failed to comply with the terms of the warranty. There was a complete waiver of such conditions.

An examination of the record discloses no reversible error upon this branch of the case. The matter of the amendment of the defendant's answer was discretionary. If any errors were committed as to other questions in the case, they were not prejudicial, and are no ground for reversal. The rescission of the contract of sale completely ended the relations between the parties, so far as this transaction is concerned, and there is no ground upon which to base a recovery for plaintiff. C. Aultman & Co. v. Olson, 43 Minn. 409, 45 N. W. 852.

Order affirmed.

After a rehearing the following opinion was filed October 23, 1900:

BROWN, J.

Defendant had no right to return the machine at the time he did return it, because he had failed to comply with the terms of the warranty upon which the right to return depended. The failures in this respect are pointed out in the former opinion. Plaintiff's assignments of error covering this branch of the case are therefore well taken, and there must be a new trial, unless the evidence conclusively shows a rescission of the contract by the mutual conduct of the parties. The record does not disclose authority in the expert who attempted to put the machine in working order, to waive the terms of the written contract relative to the return of the machine to the agents at Faribault, and the only theory upon which

the verdict can be sustained is that the evidence conclusively shows that plaintiff accepted such return at Kenyon.

The former opinion states that the verdict should be sustained if the evidence be merely sufficient to sustain a finding to that effect. We were wrong in this, for two reasons: (1) It does not appear from the charge of the court that the question of rescission was submitted to the jury at all,—a fact we entirely overlooked; and (2) if it had been so submitted, there is no way of determining that the verdict, being general, was based thereon. We attempted to apply the rule followed in the case of Nichols & Shepard Co. v. Hackney, 78 Minn. 461, 81 N. W. 322, overlooking the important and controlling fact that in that case the facts on which the verdict was sustained conclusively appeared to have been found by the jury. See Peterson v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 31 N. W. 515.

A further examination of the evidence tends only to confirm the views expressed in the former opinion, to the effect that the evidence is sufficient to justify a finding that there was a rescission of the contract by the conduct of the parties. The evidence is not conclusive on that question, however, and there must, therefore, be a new trial.

It is true, as urged by counsel, that the evidence is quite conclusive that the machine was defective, and incapable of doing, or being made to do, good work; but, for the reason that defendant failed to show a compliance with the terms of the warranty on his part, that fact, standing alone, is of no controlling importance. The suggestion of respondent's counsel that there was no reply to the amended answer is not sound. Ermentrout v. American F. Ins. Co., 63 Minn. 194, 65 N. W. 270.

The former order is vacated, the order appealed from reversed, and a new trial granted.