AVERY PLANTER COMPANY v. ELMER L. PECK.[1]

April 18, 1902.

Nos. 13,027—(45).

**Rescission of Contract.**
  The evidence was conclusive that there was no rescission of the contract with reference to a return of the machine claimed defective under the warranty.

**Breach of Warranty—Remedy.**
  The exclusive remedy for a breach of the warranty was that provided

[1] Reported in 89 N. W. 1123.

in the contract of purchase, and, upon failure to comply therewith, the defense of failure of consideration was not available to the purchaser in an action upon the notes.

Appeal by defendant from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial. Affirmed.

*Albert Johnson* and *A. J. Rockne,* for appellant.

*Brown & Kerr,* for respondent.

LEWIS, J.

1. A statement of the facts in this case will be found in the opinion filed on a former appeal. 80 Minn. 519, 83 N. W. 455, 1083. It was there decided that, for failure to make the tests and serve the notices provided in the contract, plaintiff had no right of rescission. But on reargument it was held that there was sufficient evidence to submit to the jury the question whether the contract had not been rescinded in fact by a return of the machine by the purchaser, and an acceptance thereof by the seller.

The evidence offered by defendant on the second trial tending to show rescission was substantially the same as upon the former trial, but it appears conclusively, from the additional evidence before the court at this last trial, that the plaintiff did not receive back the machine, and thereby ratify the action of the mechanical expert in directing defendant to return it to Kenyon. It was conclusively shown that the expert had no authority to make such direction, or to vary the original agreement. The plaintiff took possession of the machine after it had been returned to Kenyon, but it was in the process of foreclosure of its mortgage thereon, and not otherwise. And there being no evidence of rescission, the trial court was correct in directing a verdict for plaintiff.

2. The defense of failure of consideration is not tenable in this case. The parties provided by the contract of sale what the remedy should be if the machine failed to comply with the warranty. That was properly to test the machine within the time fixed, and, if found defective upon such test, that it might be returned, and the notes or money paid should be returned. This

was the exclusive remedy. Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227.

Order affirmed.