PETER E. LARSON v. MINNEAPOLIS THRESHING MACHINE COMPANY.[1]

April 29, 1904.

Nos. 13,804—(25).

**Sale.**

On the sale of a threshing outfit, the terms of which were reduced to writing, wherein it was provided that there should be no modification thereof without the consent or ratification of the home office, *held*, under the facts in this case, that the sales agent at the place of delivery was prohibited from making material changes in the contract of sale.

[1] Reported in 99 N. W. 623.

**Failure of Warranty.**

> Where, on the sale of personal property with warranties, the exclusive remedy is by rescission, upon the failure of such warranties after notice to the vendor, such notice, being in the contract, is an essential prerequisite to the right of rescission, and must be complied with.

Action in the district court for Hennepin county to recover $1,083.83 for breach of warranty on the sale of threshing machinery. The case was tried before Brooks, J., who dismissed the action upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John T. Byrnes* and *A. T. Nelson,* for appellant.

*John M. Rees,* for respondent.

LOVELY, J.

This appeal is from a judgment for defendant entered upon an order of the trial court dismissing the action at the close of plaintiff's evidence.

Plaintiff bargained with defendant for a threshing machine outfit, giving in exchange an old machine and notes. The outfit was received at the place of delivery, the old machine was turned over, and the notes provided for delivered. It is claimed that, when the new outfit arrived, plaintiff was dissatisfied, and entered into a further arrangement with the sales agent (one Mill) whereby he was permitted to accept the machine on trial, and, if it failed to fulfil the conditions of certain warranties as to its quality and working capacity, he might return it to the company; that, in accordance with this agreement, plaintiff tested the machine, found it insufficient, and sought to return it, whereupon defendant refused to accept it, retaining the property it had received in exchange, as well as the notes; and this action is brought to recover the value of the property received. The facts above stated are set forth at length in the complaint, in connection with the orders upon which the outfit was forwarded to the plaintiff, and embrace all that is necessary or material to dispose of the legal propositions involved.

The property turned over to the defendant, for the value of which plaintiff seeks recovery, was delivered under the terms of two written orders, which it was insisted had been modified by the oral agreement of the agent who conducted the transaction subsequent to their execution, and plaintiff's right to recover depends upon the agent's authority

to make such changes. The material portions of these orders will best indicate the obligations therein, and are as follows:

> No promise or agreement, whether of agent, canvasser, employee, or attorney, in respect to the warranty, payments, security, or the machinery above described will be considered binding unless reduced to writing and made a part hereof and ratified by the home office.
>
> If the stacker then fails to fill the warranty it shall be returned by the purchaser to the agent at his place of business, or if no agent, to the railway station, where it was shipped, complete and in good order, and the purchasers immediately notify the agent in writing that they have returned the stacker and also notify the Minneapolis Threshing Machine Company at Minneapolis, Minnesota, in writing by registered letter that they have returned it to the agent or to the station aforesaid. Upon receipt of such notice the Company may either substitute another stacker or refund the payments  *  *  *  and no further claim shall be made on the Minneapolis Threshing Machine Company for real or supposed damages.
>
> Continued possession or use of the stacker after the expiration of one week without written notice to the company at Minneapolis, Minnesota, shall be conclusive evidence that the warranty has been fulfilled to the full satisfaction of the purchasers, who hereby agree to make no claim for damages thereafter under any warranty, neither shall the fact of any local traveling agent of the company rendering assistance of any nature after the above warranty has been concluded operate as an extension of the conditions thereof.

It appeared that the old machinery received in exchange was turned over to plaintiff under a different agreement with the agent from that contained in these orders—particularly as to the restrictions upon the sales agent, the notice to the company of defects, and return, to permit the exercise of the option of the vendor to substitute another machine or refund payments in lieu of all claim for damages. The notes were given in settlement for the machinery, under terms in this regard which were in these and other respects materially changed by the attempted

oral waivers of existing conditions. The plaintiff paid the freight according to agreement, but it did not appear at the trial, nor was it claimed, that the alleged modification upon which plaintiff now relies had been assented to or ratified at the home office of the corporation; and it was the failure to show this that led the trial court to adopt the view that the agent, Mill, was outside his authority in making a new contract, because the machine was working poorly, for its return, at the place of delivery or elsewhere, upon notifying the sales agent that he had rescinded the contract. The terms authorizing modifications of the contract were required to be ratified by the home office, and also the terms for rescission of the same are, as will be seen, substantially different from the agreement contained in the orders, so that the question whether the executed contract had been lawfully modified became the material issue before the court.

The restrictions in the terms of the orders are too plain to admit of discussion. A sales agent of the company was forbidden to modify the same, except under the permission and ratification of the home office; and the purchaser must give the notices required within the time specified, by registered letter, which was not done. This must be regarded as having a distinct meaning, and to refer to the company's general office, at Minneapolis, where such offices of defendant are located. The rescission provided for in the orders upon which a part of the consideration was delivered required certain material things to be done, which were not performed in this case. This was to be the exclusive remedy, under the agreement between the parties (Avery Planter Co. v. Peck, 80 Minn. 519, 83 N. W. 455, 1093; 86 Minn. 40, 89 N. W. 1123); and the attempt of the plaintiff to vary its terms by the change with the sales agent was clearly a violation of the rule which binds parties to the conditions fixed and established in their written stipulations; hence the failure of the plaintiff to show ratification by the defendant at the home office justified the dismissal of the action.

Judgment affirmed.