WILCOX CANADIAN LAND COMPANY v. STEWART & MATTHEWS COMPANY.[1]

February 5, 1909.

Nos. 15,861—(151).

**Land Contract Construed.**

A certain contract for the sale and purchase of land construed, and *held* not so uncertain in its terms as to be void and unenforceable.

Action in the district court for Ramsey county to recover $60,000 for the breach of an agreement. From an order, Bunn, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*C. E. Hamilton* and *J. W. Pinch,* for appellant.

*Morphy, Ewing & Bradford,* for respondent.

ELLIOTT, J.

The Wilcox Canadian Land Company, being the owner of certain land in the province of Saskatchewan, Canada, entered into a contract with the Stewart & Matthews Company whereby the latter was given the right to sell the land upon terms and conditions therein stated. The Stewart Company also agreed, upon demand by the Wilcox Company, to purchase the land which remained unsold on a specified date, and upon its refusal to do so this action was brought to recover damages for the breach of the contract. The defendant demurred to the complaint, and this appeal is from an order overruling the demurrer.

The complaint alleges the making of the contract, which provided that the Wilcox Company agreed to list the lands with the Stewart Company, and that the latter agreed to sell all the land on the terms set out within thirteen months from October 1, 1906. At that time its right to make sales terminated; but, if any land then remained unsold, the Stewart Company agreed to purchase it at $14 an acre if the Wilcox Company elected to require it to do so. It was optional with the Wilcox Company "to cancel this contract if all of said land is not sold at the times herein provided, or may exact the fulfilment of the contract of the purchase above provided for. It being entirely optional

[1] Reported in 119 N. W. 504.

with it as to either course to pursue in this respect." All sales were to be made by the Stewart Company at a price to net the Wilcox Company a minimum price of $13 an acre and one-half of any sum over $15 per acre in addition to the minimum price. The difference between $13 and $15 per acre and one-half of any excess over $15 per acre was to be the commission or compensation of the Stewart Company.

Certain other provisions were made for dividing commissions and profits. Before any sale was to be made, the Stewart Company was to make out a complete table of prices and submit it to the Wilcox Company for approval, fixing the price of the land by quarter sections. It was also provided that "no contracts of sale shall be made that cannot be forfeited on thirty days' notice by mail," and "no contract of sale shall be complete until signed" by the Wilcox Company. It was alleged that this contract was entered into; that the table of prices was submitted by the defendant to the plaintiff, and was approved and agreed upon in October 1906; that defendant failed to sell all of the lands by November 1, 1907; that plaintiff elected to require defendant to fulfil its agreement to purchase the remaining lands at $14 per acre; that demand therefor was made on the defendant, which refused to purchase; that the plaintiff was willing and ready to sell; that the land was not worth to exceed $9 per acre on and after November 1, 1907; and that plaintiff has been damaged by reason of the defendant's refusal to purchase in the sum of $60,000, for which sum judgment was demanded.

It is contended that the demurrer should have been sustained because (1) the agreement to purchase was without consideration; (2) the contract is void for uncertainty; and (3) that an action for damages cannot be maintained, as the only remedy in the event of a breach of the contract by the defendant is to cancel the contract or sue for the purchase price.

The demurrer was properly overruled. There is no substance in the appellants' arguments. The Wilcox Company reserved the right to cancel the contract or require the Stewart Company to purchase the lands which were unsold at the end of the thirteen months period during which the contract was to be in force. The various provisions of the contract were dependent, and furnish ample consideration for the

particular provision which the Wilcox Company is now seeking to enforce. The Stewart Company stood to win the commissions on sales made, and the Wilcox Company could not legally have refused to approve sales which conformed to the contract.

The provision that no contract could be made that could not be forfeited on thirty days' notice meant forfeited for cause, and not arbitrarily. The contract was not so uncertain and ambiguous as to render it void.

The provision in the contract which reserves to the Wilcox Company the option to cancel the contract or insist upon the purchase of the remaining lands by the Stewart Company is not a determination of the remedy which shall be pursued in the event of the Stewart Company refusing to purchase the land, and the rule applied in Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227, Avery Planter Co. v. Peck, 86 Minn. 40, 89 N. W. 1123, Id., 80 Minn. 519, 83 N. W. 455, 1083, and other cases, has no application.

Order affirmed.