## AMERICAN SEEDING MACHINE COMPANY v. C. J. HOLZBAUER and Another.[1]

April 26, 1912.

Nos. 17,426—(37).

**Liability of partnership — question for jury.**

H. & N., a copartnership, entered into an executory contract with M. & Co. for the purchase of certain grain drills. The drills were warranted by M. & Co. to be well made and capable of doing good work. There was a breach of the warranty, in that the drills were defective; but H. & N. failed to comply with the warranty as respects notice to M. & Co. Thereafter, and before settlement under the contract, N. retired from the copart-

1 Reported in 135 N. W. 807.

nership, and was succeeded by T. The new firm settled for the drills, giving their promissory note for the amount called for by the contract as the purchase price. The note was subsequently, but after maturity, transferred to plaintiff in this action. In this action to recover thereon, it is *held* that the question whether the new firm assumed the obligations of the old firm in respect to this contract, and the further question whether the settlement referred to was had under and pursuant to the original contract, or in consideration of a new and independent agreement on the part of M. & Co., to repair and put the drills in working order, and whether the promissory note was given solely in consideration of that agreement, were questions of fact, and that the evidence sustains the verdict.

**Authority of agent.**

It was within the implied power of the agent to make the special agreement, since it was incidental and necessary to the exercise of his actual authority.

Action in the district court for Clay county to recover $606.68 upon a promissory note. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Edgar E. Sharp* and *A. C. Lacy,* for appellant.

*E. E. Corliss,* for respondents.

Brown, J.

Action to recover upon a promissory note made and delivered by defendants to P. P. Mast & Co., and indorsed and transferred to plaintiff, in which defendants had a verdict, and plaintiff appealed from an order denying its alternative motion for judgment or a new trial.

The facts are as follows: Defendant Holzbauer and one Newman were copartners, engaged in the sale of farm machinery at Fergus Falls. On November 11, 1905, the firm ordered of P. P. Mast & Co., of Springfield, Ohio, the shipment and delivery to them of certain grain drills, for which they agreed to pay in the manner and at the time specified in the order. The order was taken by one Gus Eklow, a representative of Mast & Co., and forwarded to the com-

pany at its home office, where it was formally accepted. Attached to the order was a written warranty to the effect that the machines were well made, of good material, and with proper management capable of doing first-class work. It further provided that, if the machine failed to do good work, written notice should be given the company and a reasonable opportunity afforded to remedy defects; and if the defects could not be remedied the machines should be returned and new ones furnished, or the notes or money paid thereon returned. The drills were shipped to Holzbauer & Newman pursuant to the order, and were received by them in due season. The evidence tends to show that the drills were defective, not in compliance with the warranty, and that the firm refused to accept them, and so notified the company. It is clear, however, that they did not comply with the terms of the warranty in respect to the things required by them to be done.

Thereafter, and some time during the spring of 1905, Newman retired from the copartnership, and was succeeded by defendant Tomhave; defendants having then entered into a copartnership agreement for the purpose of continuing the business of the old firm. Whether the new firm assumed the contracts and obligations of their predecessors, including the contract for the purchase of the drills in question, was a disputed question on the trial. In July, 1906, the agent of Mast & Co., who took the order from Holzbauer & Newman, called upon the new firm and demanded a settlement for the drills. Defendants insisted that the drills were defective, and not in compliance with the warranty under which they were sold to the old firm, and declined to settle or pay therefor unless Mast & Co. would contract and agree to put them in good working order. To effect a settlement the agent delivered to defendant a writing in the following language:

"Fergus Falls, July 26, 1906.

"We, the undersigned, P. P. Mast & Co., agree to C. J. Holzbauer & Co. to make the drills that are in my possession to do as good work as any other single disc drill and make satisfactory work. We also agree to send a man here in the season of 1907 to have the

drills properly adjusted, and to exchange any defective parts for the season of 1907.

"P. P. Mast & Co.,

"By Gus Eklow."

Thereupon, and in consideration of that agreement, defendants made and delivered to the agent the promissory note upon which this action was brought; the amount thereof representing the purchase price of the drills. Mast & Co. subsequently, but after the maturity thereof, sold and transferred the note to plaintiff in this action.

Plaintiff brought the action to recover thereon, and defendants interposed in defense, among other things, the special agreement just mentioned, and the total failure of Mast & Co. to comply therewith; that the drills were defective and incapable of doing good work, and were worthless and of no value whatever. Defendants had a verdict, and plaintiff appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error relate principally to rulings of the court permitting defendants to show that the new firm did not assume the contract for the purchase of the drills, made with the old firm, and permitting evidence of the settlement with the agent of Mast & Co., as a result of which the special agreement to put the drills in order was made in consideration of the making and delivery of the note in suit. We have fully considered all these assignments, and discover no error justifying the new trial of the action. It was the theory of plaintiff's case that the new firm assumed the performance of the original contract, and, since the failure of defendants to comply therewith was conclusively shown, that plaintiff was entitled to recover; while defendants contended that the old contract was not assumed, and that the note in suit was made and delivered solely in consideration of the special agreement to repair the drills.

Our examination of the evidence leads to the conclusion that the question whether the new firm assumed the obligations of the original contract was one of fact, and properly submitted to the jury. It was so submitted under clear and fair instructions, and the evidence amply supports the verdict. It must be conceded that defendant

Tomhave, having become a member of the firm after the contract had been entered into, could limit his liability in respect to the existing liabilities of the old firm. 30 Cyc. 614. And the testimony of both Holzbauer and Tomhave clearly shows that this contract was not assumed when the new firm was organized. While the evidence is not, perhaps, conclusive upon the subject, it was sufficient to take the question to the jury; and if the original contract was not assumed by the new firm, and the jury must have so found, it is immaterial that the terms thereof were not complied with.

Since, therefore, it was competent for defendants to show that the new firm was not liable on the old contract, because Tomhave, the new member thereof, had not assumed the same, it was clearly proper to show under what contract or agreement the settlement for the drills delivered to the old firm was made. In making the settlement Mast & Co. were dealing with a copartnership not liable under the original contract, and to bring about a settlement the agent made the special agreement referred to. Whether the agent had actual authority to make that agreement is not important, for it was in furtherance of the business he was transacting for his principal, and therefore within this implied authority. The agent was authorized to effect a settlement for the drills, and his implied authority included all things necessary and proper to bring about that result. Larson v. Minneapolis Threshing Machine Co. 92 Minn. 62, 99 N. W. 623, and Avery Planter Co. v. Peck, 80 Minn. 519, 83 N. W. 455, 1083, are not in point.

Plaintiff, having purchased the note after its maturity, is in no better position than Mast & Co. would have been had they brought the action. Our conclusions, therefore, are that the issues in the case were properly submitted to the jury. The evidence sustains the verdict, and no reversible errors were committed on the trial.

Order affirmed.