JACOB DETWILER and Another v. J. W. DOWNES and
Another.[1]

July 19, 1912.

Nos. 17,671—(195).

**Sale — warranty — error to strike out evidence.**
    Where, in the sale of a sawmill with warranty that it should be of good
material, well made, and capable of doing good work, the evidence tends
to show that the contract of sale called for steel pinions, but cast iron pinions
were furnished; that these pinions broke, and the sellers, when notified by
the purchasers, promised to send steel pinions, but sent cast iron, renewing
and breaking the promise repeatedly; that the breaking of these pinions
caused frequent interruptions in the work of the mill and loss to the pur-
chasers—it was error to strike out the evidence relating to the purchasers'
claim for damages on the ground that the warranty in the contract of sale
provided that the sole remedy for a breach was a return of the mill within
a specified time.

**Evidence of waiver.**
    Also *held* that, if the promises made subsequent to the delivery of the mill
are not treated as giving the purchasers an independent cause of action in
case of breach, such promises and attempted performances are evidence of
waiver of the written notice stipulated in the contract of sale as a pre-
requisite to any claim for damages against the sellers.

    Action in the district court for Dakota county to recover $492 upon
a promissory note. The substance of the answer is stated in the
opinion. The case was tried before Johnson, J., who directed a
verdict in favor of plaintiff for $521. From an order denying de-
fendants' motion for a new trial, they appealed. Reversed and new
trial granted.

    *W. H. Gillitt,* for appellants.
    *McDonald, Bernhagen & Patterson,* for respondents.

HOLT, J.
Action on a promissory note and open account, to which was in-

1 Reported in 137 N. W. 422.

terposed a counterclaim for special damages resulting from alleged breach of contract in the sale of a portable sawmill. At the close of the trial the court struck out all testimony relating to the counterclaim, and directed the jury to return a verdict for the conceded amount due on plaintiffs' demand. From the order denying a new trial, defendants appeal.

The answer alleged, as to matters here material, that plaintiffs sold defendants a portable sawmill in September, 1909, under a written warranty that the same was of good material, well made, and with proper management capable of doing as good work as similar articles of other manufacturers. It is alleged that plaintiffs did not furnish the machinery and appliances that were of good material and capable of doing good work; that the pinions were of cast iron, and not of steel, as specified in the contract; and that the frictions were of common pasteboard, and not of friction paper, and not capable of doing the work or standing the wear put upon them. It is also alleged that plaintiffs were notified that the mill did not comply with the contract and warranty in these respects, and that plaintiffs promised to remedy the defects, but, instead of so doing, kept on sending cast iron pinions, instead of steel, and the inferior friction paper; that the pinions, because not of steel, as promised, broke, and the friction paper wore out, causing delays, so that it took twenty-eight men and five teams fifty-two days to cut the lumber which defendants had to cut, when, had the mill been as contracted for or warranted, they would have done the work in thirty-four days, all to defendants' damage in the sum of $978.75.

The contract attached to the answer calls for steel pinions sixteen inches in diameter. There were on the sawmill four cogwheels, which defendants called pinions, two of which were smaller than the others. But the record is silent as to the difference in size, and there is nothing to indicate whether the large or the small were sixteen inches in diameter. The smaller ones never broke, but on the larger ones defendants claim the cogs broke frequently, necessitating replacement or repair, and shutting down of the mill every few days. The evidence is not contradicted that some twelve or fifteen pinions or cogwheels thus gave out during the winter. When the testimony

was all in, the court, on motion of plaintiffs, struck out all evidence relating to the counterclaim, and instructed the jury to return a verdict for plaintiffs.

From the order denying a new trial, defendants appeal.

The contract of sale contained this warranty and condition:

"The above articles are warranted to be of good material, well made, and with proper management capable of doing as good work as similar articles of other manufacturers. If said machinery or any part thereof shall fail to fill this warranty within ten days of first use, written notice shall be given the Enterprise Mfg. Co., Columbiana, Ohio, and to the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machine and remedy any defect. If the defective machinery cannot then be made to fill the warranty, it shall be returned by the undersigned to the place where received, and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machine shall be returned, and no further claim made on the Enterprise Mfg. Co. Continued possession or use of the machine after the expiration of the time named above shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the purchasers, who agree thereafter to make no further claim on the Enterprise Mfg. Co. under warranty. In case any castings fail through defect in its [sic] material during the first season, defective pieces shall be replaced without charge, except freight or express charges."

The learned trial court conclud . ' that the provisions in the contract gave only one remedy for a breach, namely, a return of the mill, after trial for a specified time as therein stipulated, and that there was no waiver of written notice of failure of the mill to comply with warranty.

It is to be noticed that the warranty is twofold: (a) The mill is warranted to be of good materials and well made; and (b) with proper management capable of doing as good work as similar articles of other manufacturers. No complaint is made that the mill did not do good work. The breach of the warranty relates to the materials in two pinions and the friction paper.

We may dismiss the alleged defective friction paper from consideration, for the reason that it does not appear that the court erred in striking out the counterclaim is so far as it rested thereon. Evidently the so-called friction paper is consumed or wears out in the operation of the mill. How long any set usually lasts on mills of the kind sold is not disclosed. The testimony that the friction paper was not of good material, or did not comply with the warranty, is, moreover, so vague and indefinite that it could not serve as a basis for a counterclaim.

With the pinions it is different. There is nothing to dispute defendants' claim that the larger pinions, which continually brok‸, were cast iron, as originally furnished and as replaced, although plaintiffs promised to supply what the contract called for, namely, steel pinions. Here was a clear breach of the contract as to the quality of the material. Defendants had bought the mill on the express agreement that the pinions should be steel. Is, now, the only remedy for a breach of the contract in this respect a return of the mill?

It may well be that, if defendants had received and used this mill for more than ten days with cast iron pinions, knowing them to be such, no action could thereafter be maintained for breach of the contract, in that they were not steel. But defendants at once, when they learned steel pinions had not been furnished, notified plaintiffs, who in turn, so the testimony runs, promised to furnish the ones called for by the contract. They undertook to fulfil the promise some twelve or fifteen times, but each time failed to give steel pinions. Plaintiffs are hardly in a position to insist that this is such a breach of the warranty that no action will lie, because written notice was not given and the mill returned within ten days after its first use. They knowingly continued to furnish pinions of material other than that specified in the contract, whenever defendants insisted that the defect be remedied. It is clearly not contemplated by the contract that the mill should be returned in case two wheels therein were of defective castings, or not of the quality required. Defective castings, because of the material therein, plaintiffs were to replace during the first season free of charge, so that such defects in material

were not confined to those which appeared within the first ten days of the operation of the mill.

The contract here in question differs somewhat from the one before the court in Avery Planter Co. v. Peck, 86 Minn. 40, 89 N. W. 1123, and Larson v. Minneapolis Threshing Machine Co. 92 Minn. 62, 99 N. W. 623, in which the provisions of a return of the machine in case of breach of a warranty to do the work expected was considered. The contract here in question and the alleged breach relates more to the material of the machine. This is a matter that may not be disclosed by a short trial, and therefore, where permissible, a construction will be given to a warranty in respect to materials that is reasonable. McCormick Harvesting Machine Co. v. Fields, 90 Minn. 161, 95 N. W. 886. But, upon the facts disclosed herein, the correct view of defendants' counterclaim, if any they have, is that, after being furnished with a mill which had two pinions of cast iron instead of steel as contracted for, they were led to go on with the use of the mill by subsequent independent promises made time and again by plaintiffs to send the agreed article; that each time, till twelve or fifteen pinions were sent, plaintiffs broke their promises, and such breaches caused damage and loss to defendants for which a recovery may be had. This is true, whether it is held that the subsequent promises to send steel pinions modify the terms of the written contract, so that the ten-day trial limit cannot apply to the warranty as to material in these under the decision in McCormick Harvesting Machine Co. v. Fields, supra, or it is considered that these subsequent promises in themselves furnish a cause of action.

But, conceding that all these promises are referable to the contract of sale, so as to be governed by the conditions and warranties therein, we are not impressed with plaintiffs' contention that defendants are not in a position to insist that plaintiffs waived the condition in the contract which provides for the giving of written notice to defendants in case of failure of the mill to comply with the warranty. The claim is that waiver, to be available, must be pleaded. It seems to us that the answer alleges sufficient facts to show a waiver, even if that were necessary, in that it alleges that the pinions were cast iron, instead of steel; that plaintiffs were notified thereof, promised to

send the steel, but sent cast iron pinions, and kept on making promises and attempts to fulfil them. Evidence went in without objection to substantiate these facts. That plaintiffs had all the notice any writing could give in regard to these pinions, and acted repeatedly thereon, is clear, if the defendants' evidence is believed by a jury.

In this case there is no allegation of general damages. But evidence in the nature of special damages was received without objection. It may not be free from doubt whether the record shows these damages to be such as were within the contemplation of the parties when the contract was entered into, or when the subsequent promises to furnish steel pinions, instead of the cast iron ones, were made. It is evident that the trial court did not reach a consideration of this matter, and there is no need of more now than calling attention thereto, so that at the trial due consideration will be given this phase of the case.

Order reversed, and a new trial granted.