No. 26,614.

MASSEY-HARRIS HARVESTER COMPANY, *Appellee*, v. A. J. HAMMER, *Appellant*.

SYLLABUS BY THE COURT.

SALES—*Warranties—Effect of Stipulation of Remedies for Breach*. In an action for possession of farm machinery under a purchase-money lien a defense on the ground of damages to the buyer by the seller's delay in delivering the property in good condition is rendered unavailable by a provision in the contract of sale reading: "It is further understood and expressly agreed that any breach of the warranty or any omission on the part of the vendor does not confer any right of damage for delay or loss of work or earnings, or for other damages. In no event shall the vendor be liable otherwise than for the return of cash and notes actually received by it for the machinery herein described."

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed April 10, 1926. Affirmed.

*Carl Van Riper*, of Dodge City, for the appellant.

*Albert Watkins, Arthur C. Scates*, both of Dodge City, and *Samuel Feller*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Upon a written order of A. J. Hammer, dated May 26, 1924, the Massey-Harris Harvester Company, of Batavia, N. Y., shipped to him a reaper-thresher. Upon its arrival at Kingsdown, Kan., about June 21, it was found to lack wagon-loader brackets, necessary to its operation. An agent of the company furnished Hammer with patterns and directed him to have a blacksmith make the brackets. This was done on July 2, the cost being paid by the company. It was then discovered that a spring in the governor was

Sales, 35 Cyc. p. 515 n. 51.

broken.  A new spring was promised by the agent.  As a result the machine was not ready for use until July 6.  ·About June 1 Hammer executed notes for the machine, title being reserved in the company until they should be paid.  This action was brought by the company against Hammer to recover possession because of the nonpayment of the notes.  The defendant answered to the effect that the delay in delivering the machine in condition to be used had caused him such loss as to give him a valid claim against the plaintiff for more than the amount then due on the purchase price.  The defendant appeals from a judgment for the plaintiff upon the pleadings.

The defendant argues, as did the defendants in *Case Threshing Machine Co. v. Gonder,* post, p. 702, that his acceptance of the machinery did not effect a waiver of his claim for damages for delay, citing the same authority.  The contract in the present case does not contain the clause which was held to be controlling there, in terms making such acceptance a waiver.  But here the contract includes this paragraph, which is equally fatal to the defendant's recovery: "It is further understood and expressly agreed that any breach of the warranty or any omission on the part of the vendor does not confer any right of damage for delay or loss of work or earnings, or for other damages.  In no event shall the vendor be liable otherwise than for the return of cash and notes actually received by it for the machinery herein described."  Provisions of this character have been before the courts more frequently than that passed upon in the Gonder case, and their validity is well established.  (2 Williston on Sales, § 491, note 67; *Scott v. Vulcan Iron Works Co.,* 31 Okla. 334; *Avery Planter Co. v. Peck,* 86 Minn. 40; *Austin Co. v. Tillman Co.,* 104 Ore. 541.)

The judgment is affirmed.