PURDIN, RESPONDENT, v. WESTWOOD RANCH & LIVE-STOCK CO., APPELLANT.

(No. 5,035.)

(Submitted January 27, 1923.  Decided June 19, 1923.)

[216 Pac. 326.]

*Contracts of Sale—Severability—Question of Intention—Explanatory Evidence—When Inadmissible.*

Contracts—Severability—Question of Intention.
  1.  Whether or not a contract is severable is a matter of intention, and the intention is to be determined from the language used and the subject matter.

---

1.  Contract for sale of goods as entire or divisible, see notes in 2 A. L. R. 643, 687.

Same—Sales—Several Contracts Held not to have Merged.
2.   Where the parties to a contract for the absolute sale of 1,600 lambs and for an option to purchase 700 ewe lambs subsequently entered into another contract which referred to the earlier one, and required the buyer to purchase 1,400 lambs, at a different price, including those covered by the former option, the intention of the parties was plain that the agreements were separate, so that the buyer was entitled to recover damages for breach of the first contract, notwithstanding his failure to perform the second one,. subject only to the seller's counterclaim under the latter.

Same—Provisions Plain—Explanatory Evidence not Permissible.
3.   Where the provisions of a contract are plain and the intention of the parties is made manifest by the language used, evidence explanatory of the surrounding circumstances is neither necessary nor permissible.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

Action by Charles J. Purdin against the Westwood Ranch & Livestock Company to recover damages for breach of contract. Judgment for plaintiff and defendant appeals from the judgment, and from the order denying its motion for a new trial. Affirmed.

*Mr. C. E. Pew,* for Appellant, submitted a brief and argued the cause orally; *Mr. C. A. Spaulding,* of Counsel.

*Mr. F. W. Mettler* and *Mr. E. G. Toomey,* for Respondent, submitted a brief; *Mr. Mettler* argued the cause orally.

HONORABLE JOSEPH R. JACKSON, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

Action by plaintiff to recover damages for breach of contract. The plaintiff, in substance, alleges that defendants, Westwood Ranch & Livestock Company and Howard Pew, agreed to sell to plaintiff and plaintiff agreed to purchase from defendants, in accordance with the following agreement:

"Helena, Montana, July 16, 1919.

"This is to certify that we have sold to Charles J. Purdin 1,600 black face strain lambs, to be weighed and delivered

at ranch at Craig, 12 hours shrinkage or 4%. No crip-
ples or bums. Same to be delivered on the 20th day of
August. Also about 700 ewe lambs with a like agreement,
allowing to the 5th of August for acceptance or rejection.
We further agree to load same at Craig f. o. b. cars. Receipt
is hereby acknowledged of the sum of $1,000 to apply on
said contract. The purchase price being 9 cents per lb.

> "[Signed]   WESTWOOD RANCH & LIVESTOCK CO.,
>
> "By HOWARD PEW.
>
> "[Signed]   CHAS. J. PURDIN."

The complaint further sets forth the payment by plaintiff
to defendants of $1,000 on the day the agreement was dated,
the failure, neglect and refusal of defendants to deliver any
of the lambs, the readiness, willingness, and ability of plaintiff
to perform, and the damage sustained by plaintiff.

Defendants admit the execution of the agreement, the pay-
ment of $1,000 and deny the other allegations of the com-
plaint. As an affirmative defense the answer declares that on
the sixteenth day of July, 1919, the defendant company owned
about 3,000 lambs on its ranch near Craig, Montana; that
the lambs mentioned in the agreement were part and parcel
of the bunch of 3,000; that on August 4, 1919, plaintiff noti-
fied defendant company by telephone of the acceptance of
the 700 ewe lambs set forth in the agreement, and that on
August 5, 1919, the defendant Pew, as manager of and for
the defendant company, entered into a further agreement
with plaintiff, wherein plaintiff accepted the agreement of
July 16, 1919, relating to the 700 ewe lambs, and agreed to
purchase the remainder of the bunch of 3,000, to-wit, 700
wether lambs. The latter agreement reads as follows:

> "Cascade, Mont., Aug. 5, 1919.

"This is to certify that the agreement of July 16, 1919,
relating to 700 ewe lambs, is accepted. Chas. J. Purdin agrees
to purchase the wether end the purchase price then being
9 cts. per lb. for the 1,600 in original contract and the balance

to be 8½ cts. 700 ewe lambs and 700 wether lambs more or less. Receipt is hereby acknowledged for $500 to apply, on contract.

> "[Signed]   Howard Pew.
> "[Signed]   Chas. J. Purdin."

Defendants allege that plaintiff and defendant company agreed that the two writings should constitute one contract for the sale of 3,000 lambs, and claimed that by mutual mistake the merging of the two agreements was not expressly stated; that plaintiff gave defendants his check for $500 and stopped payment on the same; that plaintiff did not pay or tender the purchase price of the lambs, and did not offer to accept delivery of any, except 1,600 black face lambs, and so notified the defendants in writing on or before August 13, 1919; that from July 16 to August 5, 1919, the defendants were ready and willing to comply with the agreement of July 16th, and that after August 5, 1919, and until August 13, 1919, they were likewise willing and able to perform and comply with the terms of the agreement to sell 3,000 lambs, and that they did comply with and keep said terms until the breach by plaintiff; that with the band of 3,000 lambs were about 900 ewes, all mothers of some of the lambs, which defendants sold because of plaintiff's agreement to purchase all the lambs, and that, because plaintiff failed to purchase all the lambs, the selling of the ewes compelled defendants to incur expenses in caring for the lambs, and in all the defendant company was damaged in the sum of $1,000. Plaintiff, by reply, joins issue with defendants' affirmative defense. The case was tried by jury. Plaintiff produced testimony to prove the allegations of his complaint. A verdict was returned for plaintiff in the sum of $3,304, including the $1,000 paid by plaintiff. The defendant Pew was dismissed at the conclusion of plaintiff's case. Defendant company appealed from the judgment and order denying a new trial.

There are many specifications of error set forth by defendant, the merit of all hinging upon the construction of the

agreements. The theory advocated by plaintiff and adopted by the trial court was that the latter agreement did not merge with the former; that each was a separate and distinct contract, and the latter went to the jury solely for the purpose of proving the defendants' counterclaim. The defendant urges that the intent of the parties was. to merge the two into a single contract for the purchase of 3,000 lambs and that the matter of the intent of the parties with respect to the merging of the two contracts was a matter for the jury.

Whether or not a contract is severable is a matter of intention, and the intention is determined from the language used and the subject matter. This statement of the law is so elementary that no citations of authorities are necessary. [1]

An analysis of the first contract shows that it provides for the absolute sale of 1,600 black face lambs and an option to be exercised with respect to the ewe lambs. There is nothing uncertain or ambiguous concerning either of the contracts, and, while it is true that reference to the first is made in the latter, still the second contract is for a clear sale of 1,400 lambs for an entirely different consideration. The second contract merely sets forth that the plaintiff is to purchase 1,400 lambs, 700 of which are mentioned in the first contract, at a price of eight and one-half cents per pound. The second contract properly went before the jury as a counterclaim against plaintiff, and the jury found in plaintiff's favor. [2]

Under the clear expression of the second contract the option to purchase contained in the first contract was not crystallized into an acceptance, but, on the contrary, was removed entirely from the first and, together with an additional number of lambs, called the "wether end," made the subject of an entirely new agreement between the parties.

Both contracts are plain and not ambiguous, and the intention of the parties is manifest by the language used, so that no explanation of the surrounding circumstances is either necessary or permissible. (*Bullard* v. *Smith*, 28 Mont. [3]

387, 72 Pac. 761; *Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279.)
The contention, therefore, urged by the defendant, that the
intent of the parties was a matter for the jury, is not well
taken.

The judgment and order of the trial court denying a new
trial are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
COOPER, HOLLOWAY and STARK concur.